HAIG BERBERIAN, INC., a Delaware Corporation, Plaintiff-Appellant,

v.

CANNERY WAREHOUSEMEN et al., Defendants-Appellees.

CANNERY WAREHOUSEMEN et al., Petitioners,

v.

HAIG BERBERIAN, INC., Respondent.

Nos. 75–2020, 75–2109.

United States Court of Appeals, Ninth Circuit.

April 27, 1976.

Rehearing Denied July 6, 1976.

---

Howard E. McNier, St. Louis, Mo. (argued), of Kronick, Moskovitz, Tiedemann & Girard, Sacramento, Cal., for defendants-appellees.

Donald Green (argued), of Green & Azevedo, Sacramento, Cal., for plaintiff-appellant.

## OPINION

Before BROWNING and KENNEDY, Circuit Judges, and SWEIGERT,[*] District Judge.

PER CURIAM:

Haig Berberian, Inc., appeals from an order compelling arbitration of its labor dispute with Local 748 of the Cannery Warehousemen, Food Processors, Drivers and Helpers of the Teamsters Union. We affirm.

■ Haig owned and operated nut processing facilities at 217 Tenth Street in Modesto, California. On September 1, 1973, Local 748 and Haig entered into a collective bargaining agreement for a term of three years. During late 1973 Haig constructed an additional almond processing facility outside the Modesto city limits at a location known as the "Sunset" site. The Union took the position that the employees at the new facility were covered by the September 1, 1973, agreement. Haig disagreed. The Union filed a grievance demanding recognition by Haig that the agreement covered the Sunset employees. Haig in turn filed a grievance denying arbitrability of the issue. Haig also filed this suit in the district court seeking to enjoin arbitration and asking for a declaration of the rights of the parties under the collective bargaining agreement. The district court found that the grievance was arbitrable, and entered the order compelling arbitration from which Haig appeals.[1]

■ The arbitration clause involved here is the standard one, requiring arbitration of "any difference or issue between an employee or the union and the Employer arising out of the application or interpretation of any provisions of this Agreement." Absent a clear implication that the parties intended otherwise, initial interpretation of the clause is for the courts. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 n. 7, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409, 1417 (1960). The Court's interpretive function, however, is narrowly circumscribed. "[T]he meaning of that 'standard' clause is simply that the parties have agreed to arbitrate any dispute which the moving party asserts to involve construction of the substantive provisions of the contract, because such a dispute necessarily does involve such a construction." *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 571, 80 S.Ct. 1343, 1365, 4 L.Ed.2d 1403, 1433 (1960) (Brennan, J., concurring). The Union asserted that the employees at the Sunset facility were brought within the collective bargaining agreement by the "Recognition" and "Work Covered" sections of the agreement.[2] The Company contends that these clauses do not encompass employees

---

* Honorable William T. Sweigert, Senior United States District Judge, Northern District of California, sitting by designation.

1. The case is not moot because arbitration has been completed. If this court agreed that the dispute was not arbitrable, the arbitration award would be unenforceable. Nor does the Union's filing of an unfair labor practices charge preempt the court's jurisdiction to entertain this suit to require arbitration under § 301, 29 U.S.C. § 185. *See Lodge 1327, Int'l Ass'n of Machinists & Aerospace Workers v. Fraser & Johnston Co.*, 454 F.2d 88, 90–91 (9th Cir. 1971).

2. These portions of the Collective Bargaining Agreement provide in pertinent part:

    Section II, RECOGNITION:
    A. For the purposes of collective bargaining the Employer recognizes the Union as the sole agency, representing all the employees of member companies who perform the work covered by Section III hereof, and the Union recognizes the Employer as the sole agency representing its member companies.
    Section III, WORK COVERED:
    A. All work defined in Appendix A hereof and performed *in companies' plants at Modesto,* California, including receiving stations and buildings and lots where materials are processed or stored. This provision shall ap-

at plants located outside the city limits of Modesto. There was, therefore, a dispute between parties "arising out of the application or interpretation" of the collective bargaining agreement, and arbitration was properly ordered. *United Steelworkers of America v. American Manufacturing Co.,* *supra,* 363 U.S. at 569, 80 S.Ct. at 1347, 4 L.Ed.2d at 1407.

■ The Company argues that arbitration is inappropriate because the "Work Covered" clause on its face is not reasonably susceptible of the interpretation urged by the Union. The argument is reminiscent of the rule rejected by the Court in *American Manufacturing Co.,* namely, "If the meaning of the provision of the contract sought to be arbitrated is beyond dispute, there cannot be anything to arbitrate and the contract cannot be said to provide for arbitration." The Court commented that such a principle "could only have a crippling effect on grievance arbitration." 363 U.S. at 566–67, 80 S.Ct. at 1346, 4 L.Ed.2d at 1406. As the Court said, "The collective [bargaining] agreement calls for submission of grievances in the categories which it describes, irrespective of whether a court may deem them to be meritorious." 363 U.S. at 567, 80 S.Ct. at 1346, 4 L.Ed.2d at 1406. The question is not whether in the court's opinion the contract clause relied upon is susceptible to an interpretation supporting the claim, as Haig supposes. The question is whether the claim itself purports to be based on an interpretation of the contract. 363 U.S. at 568, 80 S.Ct. at 1346, 4 L.Ed.2d at 1407. It makes no difference that the court may think the claim of no merit. "The processing of even frivolous claims may have therapeutic values of which those who are not part of the plant environment may be quite unaware." *Id.* It is the arbitration clause, not the substantive contract clause in controversy, which governs whether a dispute must be submitted to arbitration. Arbitration is to be ordered "unless it may be said with positive assurance that the *arbitration* clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co., supra,* 363 U.S. at 582–83, 80 S.Ct. at 1352–1353, 4 L.Ed.2d at·1417 (emphasis added), *quoted with approval in Gateway Coal Co. v. United Mine Workers of America,* 414 U.S. 368, 377–78, 94 S.Ct. 629 636–637, 38 L.Ed.2d 583, 592 (1974).[3]

■ Haig offered evidence of the negotiating history bearing upon the interpretation of the "Work Covered" clause, and complains that it was excluded. Evidence that the parties intended to exclude a particular type of claim from arbitration may be relevant and admissible. *United Steelworkers of America v. Warrior & Gulf Navigation Co., supra,* 363 U.S. at 584–85, 80 S.Ct. at 1354, 4 L.Ed.2d at 1418–1419; *Pacific Northwest Bell Telephone Co. v. Communication Workers of America,* 310 F.2d 244 (9th Cir. 1962). *See also West Coast Telephone Co. v. Local 77, International Brotherhood of Electrical Workers,* 431 F.2d 1219, 1221 n. 4 (9th Cir. 1970). The evidence offered here, however, went not to the meaning of the arbitration clause, but

---

ply to exclude agriculture labor and operations of bona fide agriculture departments, office and administrative employees, buyers, salaried supervisors, engineers and technical employees. This provision is not intended to exclude any new job that may develop in the processing, handling or sorting of products or materials. Box repair which at the present time is being done by the union members on the premises of a plant being covered by this Agreement and which is hereinafter removed to another location within the jurisdiction of Local 748 is covered by this Agreement, if the reason for such removal is to escape from the provisions of this Agreement.

(Emphasis added.)

The Union argues that "at Modesto," as distinguished from "in Modesto," includes the immediate environs of the city. The plant in question is immediately adjacent to the city line.

3. *See Lodge 12, Int'l Ass'n of Machinists v. Cameron Iron Works, Inc.,* 292 F.2d 112 (5th Cir. 1961); *Taft Broadcasting Co. v. Radio Broadcast Technicians Local 253,* 298 F.2d 707 (5th Cir. 1962); Meltzer, The Supreme Court, Arbitrability and Collective Bargaining, 28 U.Chi.L.Rev. 464 (1961); Wellington, Judicial Review of the Promise to Arbitrate, 37 N.Y.U. L.Rev. 471 (1962).

to the meaning of the substantive clause upon which the merits of the dispute depended. That question was for the arbitrator.

Affirmed.