The INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO (LOCAL 2201), Plaintiff, Appellant,

v.

INTERNATIONAL AIR SERVICE OF PUERTO RICO, INC., Defendant, Appellee.

No. 80–1459.

United States Court of Appeals, First Circuit.

Submitted Oct. 7, 1980.

Decided Oct. 7, 1980.

Alfredo Nazario, Hato Rey, P. R., on brief, for plaintiff, appellant.

Vicente J. Antonetti and Goldman, Antonetti & Davila, Santurce, P. R., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

IAM Local 2201 (the union) sued in the district court under section 301 of the Taft–Hartley Act, 29 U.S.C. § 185(a), to compel the employer, International Air Service of Puerto Rico, Inc., to arbitrate an alleged grievance. The district court, on the basis of the pleadings, exhibits and an affidavit from the employer, denied preliminary and permanent injunctive relief and dismissed "for lack of jurisdiction."

During the relevant period the union was a party to a collective bargaining agreement with the company. The arbitration provisions of the contract provided that "'Grievance' means any dispute between the Company and the Union . . .," and that "[i]f any grievance is not settled by the grievance procedure set forth herein, then said grievance shall be submitted to an arbitrator . . . ." From the documents in the record we understand the union's grievance to be the employer's asserted breach of its contractual duty to notify the union when it, beginning in April 1979, allegedly hired

various employees to perform services for the employer's mechanics as well as for several airlines serviced by the employer. The union maintains that these employees fall within the NLRB–certified bargaining unit which it represents:

"Included: All service and maintenance employees employed by the Employer ...

"Excluded: All other employees, including passenger service employees, office clerical employees, professional personnel, guards and supervisors ...."

In the district court, the union relied on its complaint and various exhibits consisting of correspondence with the employer to establish the existence of its grievance. The employer answered and submitted an affidavit from its president which denied the hiring of any mechanic or bargaining unit employee during the relevant period without notification of the union. It also stated that those hired to service the airlines were passenger service employees, excluded from the bargaining unit. The affidavit also explained that the personnel servicing the mechanics were independent contractors, not employees.

The district court, evidently treating the case as on cross–motions for summary judgment, ruled that "[a]rbitration is not the proper mechanism in this case because the passenger service employees were excluded from the Collective Bargaining Agreement." The court made no mention of the "independent contractors" servicing the mechanics. The court also stated:

"Since the employees for which coverage is sought are not employees under the terms of the Collective Bargaining Agreement because they were specifically excluded by the certification of representative issued by the [NLRB] ... the controversy does not involve a grievance under the Collective Bargaining Agreement. Therefore this Court does not have jurisdiction to compel defendant to arbitration because this case presents a genuine controversy of representation. which falls under the jurisdiction of the [NLRB]."

At first blush, the district court's resolution of the union–employer dispute at the stage of summary judgment is appealing since the union filed no affidavits countering the employer's version of the merits. See Fed.R.Civ.P. 56(e). However, the Supreme Court has cautioned that, in a § 301 suit to compel arbitration, a court may not reach the merits of the grievance:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for." *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 567–68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960).

*See also Operating Engineers, Local 150 v. Flair Builders, Inc.*, 406 U.S. 487, 491–92, 92 S.Ct. 1710, 1712–13, 32 L.Ed.2d 248 (1972); *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557–59, 84 S.Ct. 909, 918–19, 11 L.Ed.2d 898 (1964); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960); *Haig Berberian, Inc. v. Cannery Warehousemen*, 535 F.2d 496, 499 (9th Cir. 1976).

In this case, the question of whether or not the employees in question came within the definition of the bargaining unit went to the merits of the union's claim and thus was for the arbitrator to decide. While it is possible to construe the relief sought as calling for a determination of the scope of the bargaining unit represented, a task committed exclusively to the Board, labor policy supplies a preference for interpreting questions as arbitrable in such a situation. As this court has noted as to analogous issues:

"[E]ach of these issues, before it rises to a statutory level, presents questions of fact and contractual interpretation. Since the Board will not defer to an arbitrator's decision which is repugnant to the Act, no

prejudice will result from allowing an arbitrator to clear up the factual and contractual underbrush and, perhaps, remove any need to consider the statute." *Enterprise Publishing Co. v. NLRB*, 493 F.2d 1024, 1027 (1st Cir. 1974). *See also Carey v. Westinghouse Corp.*, 375 U.S. 261, 272, 84 S.Ct. 401, 409, 11 L.Ed.2d 320 (1964); *District 1199E, National Union of Hospital Employees v. NLRB*, 613 F.2d 1102, 1106–07 (D.C.Cir.1979) (citing cases); *Retail Clerks Local 588 v. NLRB*, 565 F.2d 769, 778 (D.C.Cir.1977). In the present case, an arbitrator, by resolving the factual dispute about the duties of the new employees can put them in or out of the bargaining unit and thereby "clear up the factual and contractual underbrush." It will remain open to the Board, subject to its *Spielberg* post–arbitration deferral doctrine, *see* 112 N.L.R.B. 1080 (1955), to consider the company's claims that the arbitrator usurped the Board's role of defining the boundaries of bargaining units.*

*Vacated and remanded with instructions to compel arbitration.*

---

* *West Point–Pepperell v. TWUA*, 559 F.2d 304 (5th Cir. 1977), cited by appellee, is distinguishable. There the court refused to order arbitration where the threshold question, whether the union which succeeded to the contract was the true representative of the employees, was within the Board's exclusive jurisdiction. *Id.* at 307. A question of representation in the present case will not arise unless the arbitrator decides that the new employees are, for example, passenger service employees, and then attempts to expand the bargaining unit to include them. In such an unlikely event, the Board could refuse to defer under *Spielberg* and upset the arbitrator's award. *See, e. g., Owens Corning Fiberglass Co.*, 236 N.L.R.B. 479 (1978).