LABORERS INTERNATIONAL UNION
LOCAL 252, Plaintiff-Appellant,

v.

TOWN CONCRETE PIPE OF WASH-
INGTON, INC., Defendant-Appellee.

No. 81–3169.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1982.

Decided July 7, 1982.

Lawrence R. Schwerin, Seattle, Wash., for plaintiff-appellant.

Dean Zografos, Williams & Zografos, P. C., Salem, Or., for defendant-appellee.

Before HUG, SKOPIL and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

Laborers International Union Local 252 (Local 252) appeals from the district court's grant of summary judgment to Town Concrete Pipe of Washington, Inc. (Town Concrete), in the Local's section 301 suit to compel arbitration. 29 U.S.C. § 185.

## FACTS

Local 252 and Town Concrete are parties to a collective bargaining agreement containing a mandatory grievance-and-arbitration procedure covering questions of contract interpretation. The contract contains a provision for an automatic cost-of-living increase, the size of which was to be based on the Bureau of Labor Statistics' (BLS) Cost of Living (COL) Index. In 1978, the BLS discontinued the COL, and began issuing revised versions of the Consumer Price Index (CPI). Town Concrete took the position that the change from the COL Index to the CPI eliminated the cost-of-living clause from the contract, and that a new clause had to be negotiated. The parties negotiated, discussed arbitration, and the union filed a charge with the NLRB. Finally, the union filed the present suit to compel arbitration of the cost-of-living clause. We note jurisdiction under 28 U.S.C. § 1291 and reverse.

## ANALYSIS

The only issue in this case is whether the meaning of the cost-of-living clause is a question of contract interpretation subject to arbitration. The district court held that it was not and accordingly refused to compel arbitration. The district court's decision apparently was based on: (1) the savings clause in the contract;[1] and (2) the fact that the parties had bargained over the cost-of-living clause.

Federal labor policy favors arbitration, and doubts as to whether a particular dispute is arbitrable should be resolved in favor of arbitration. *See United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (*Steelworkers* trilogy); *Haig Berberian, Inc. v. Cannery Warehousemen*, 535 F.2d 496, 499 (9th Cir. 1976). Although it is true that the question of what issues are arbitrable is for the court, not the arbitrator, *Leyva v. Certified Grocers of California*, 593 F.2d 857, 861 (9th Cir. 1979), a court's determination of arbitrability must be based on the arbitration clause, not on the substantive contract clauses, *Haig Berberian*, 535 F.2d at 499. Interpretation of substantive provisions must be left to the arbitrator in the first instance. In order to determine that the savings clause covered the instant dispute, the district court had to read and interpret not only the savings clause but the cost-of-living clause as well. Both of these are substantive provisions of the contract and thus present questions for the arbitrator, not the court. *Id.*

Furthermore, even if the court were entitled to interpret the savings clause, that clause cannot be read properly to cover the instant dispute. The savings clause applies to "invalidation" of any part of the contract by "legislation, or by any decree of a court of competent jurisdiction." *See* footnote 1, *supra*. Because arbitrators cannot ordinarily determine questions of "external law," *see, e.g., Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 737–38, 101 S.Ct. 1437, 1442–43, 67 L.Ed.2d 641 (1981),

1. The savings clause reads:

Should any part of or any provision herein contained be rendered or declared invalid by reason of any existing or subsequently enacted legislation, or by any decree of a court of competent jurisdiction, such invalidation of such part or portion of this agreement shall not invalidate the remaining portions thereof; provided, upon such invalidation the parties signatory hereto agree to immediately meet to negotiate such parts or provisions affected. The remaining parts or provisions shall remain in full force and effect.

questions involving contract clauses rendered invalid by subsequent changes in law cannot ordinarily be resolved through arbitration. But the disputed clause here is not invalid, in the sense of being contrary to law or legally unenforceable, due to legislation or court decree. The action by the BLS is not legislation. The clause is, at worst, difficult to interpret because of a change in underlying facts. Interpretation of the clause in light of these new facts is properly done by the arbitrator. The district court therefore erred in granting summary judgment to Town Concrete on the basis of the savings clause.

■ The second basis for the court's decision is also erroneous. The fact that the parties have attempted to renegotiate the cost-of-living clause does not mean it is not subject to arbitration. Any clause in the contract could be renegotiated if the parties chose to do so; while contract clauses are still in effect, however, they continue to be subject to the arbitration clause unless specifically excluded. *Aluminum Co. of America v. United Auto Workers*, 630 F.2d 1340 (9th Cir. 1980), is not to the contrary. That case involved the arbitrability of an employer policy which had no basis in the contract and conflicted with no specific clause of the contract. The court there held the policy was not an arbitrable issue, and that the union had to resort to negotiation. By contrast, the cost-of-living dispute concerns the language of the contract and its interpretation. *Pacific Northwest Bell v. C.W.A.*, 310 F.2d 244 (9th Cir. 1962), similarly fails to justify the district court's action. That case involved the use of bargaining history of the arbitration clause itself to determine its scope, not use of the bargaining history of substantive contract clauses.

## CONCLUSION

The judgment of the district court is reversed. The case is remanded with instructions to the district court to grant summary judgment to Local 252 compelling arbitration of the dispute.

REVERSED and REMANDED.