HANFORD ATOMIC METAL TRADES COUNCIL, a labor organization, Plaintiff,

v.

ROCKWELL INTERNATIONAL CORPORATION, d/b/a Rockwell Hanford Operations, a corporation, Defendant.

No. C–84–115 RJM.

United States District Court, E.D. Washington.

Sept. 17, 1984.

Daryl D. Jonson, of Cowan, Walker, Jonson & Moore, Richland, Wash., for plaintiff.

Robert S. Gruhn, Chief Counsel, R.M. Carter, Staff Atty., Richland, Wash., for Hanford Operations.

## ORDER

ROBERT J. McNICHOLS, Chief Judge.

This action, ostensibly brought on behalf of the Hanford Atomic Metal Trades Council [HAMTC], seeks to enforce an arbitration clause and to compel Rockwell to submit the question of whether a newly developed work classification was improperly awarded. Cross-motions for summary judgment are currently pending. Pertinent chronology is as follows:

June 22, 1978—United Brotherhood of Carpenters and Joiners Local 2403 [hereinafter 2403] and Oil, Chemical and Atomic Workers Union Local I–369 [hereinafter I–369] entered into an agreement inter se that decontamination work would be handled by I–369. This agreement was reaffirmed by the parties on February 5, 1982.

December 14, 1982—Rockwell developed a new job classification under HAMTC's jurisdiction; namely, "decommissioning and decontamination" [hereinafter D & D]. As the result of an agreement between Rockwell and HAMTC, this work was awarded to I–369.

August 29, 1983—Local 2403, believing that D & D work should have been given to its members, filed a ULP complaint with the NLRB which was subsequently withdrawn.

October 26, 1983—2403 sought permission from HAMTC to force Rockwell to arbitration on the issue. Leave was given for 2403 to pursue a grievance at its own expense. Rockwell refused to arbitrate.

February 1, 1984—The instant action was filed in Benton County Superior Court and thereafter removed.

March 28, 1984—HAMTC votes to "reaffirm the Council's position that no arbitration that affects more than one affiliate can be processed without the concurrence of our legally retained General Counsel."

Essentially, it is Rockwell's position that HAMTC is the sole bargaining agent for all craft unions within its jurisdiction under the express terms of the CBA and that it would be an unfair labor practice for the company to bypass HAMTC and deal directly with 2403. It is argued that HAMTC by-laws provide for resolution of jurisdictional disputes, and that internecine warfare among competing affiliate unions must be solved internally in accord with those by-laws. It is plaintiff's position that as a third-party beneficiary of the CBA, it is entitled to enforce the terms of that agreement in its own right and for its own benefit. It is further contended that interpretation of the substantive terms of the CBA, and more specifically, the arbitrability of a given dispute, is reserved to the arbitrator in the first instance, and that the Court's only function is to determine the validity and enforceability of the arbitration clause.

██ Frankly, plaintiff's position is not as groundless as it might at first glance appear. It is well-settled that:

Although it is true that the question of what issues are arbitrable is for the court, not the arbitrator, ... a court's determination of arbitrability must be based on the arbitration clause, not on the substantive contract clauses.

*Laborers International Union v. Town Concrete Pipe,* 680 F.2d 1284, 1285 (9th Cir.), *cert. denied,* 459 U.S. 1039, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982).

The rationale underlying this principle is explained in *Haig Berberian, Inc. v. Can-*

*nery Warehousemen,* 535 F.2d 496 (9th Cir.1976);

> "The processing of even frivolous claims may have therapeutic values of which those who are not part of the plant environment may be quite unaware." ... It is the arbitration clause, not the substantive contract clause in controversy, which governs whether a dispute must be submitted to arbitration. Arbitration is to be ordered "unless it may be said with positive assurance that the *arbitration* clause is not susceptible of an interpretation that covers the asserted dispute."

*Id.* at 499 (citations omitted, emphasis original).

Thus, notwithstanding the lack of any genuine issue of fact as to HAMTC being the sole and exclusive bargaining agent for its constituent unions; that in such capacity HAMTC entered into an agreement with Rockwell in awarding D & D work; and that HAMTC has officially withdrawn support from 2403's instant efforts, it may well be that plaintiff must prevail unless this Court can say, "with positive assurance," that the arbitration clause itself is inapplicable. Stated another way, if the arbitration clause is even arguably operative, the Court must force Rockwell to the bargaining table with an entity other than the exclusive bargaining agent, and in so doing ignore one of the most firmly established principles of labor law. *Cf., Emporium Capwell Co. v. Community Org.,* 420 U.S. 50, 95 S.Ct. 977, 43 L.Ed.2d 12 (1975).

■ In construing an arbitration clause, however, a court is not limited to the naked language of the clause itself, but may look to external evidence in ascertaining meaning. *Haig Berberian, supra,* at 499. The clause at issue, Article XIX of the CBA, expressly subsumes the terms of Article XVIII, which sets forth the various steps in the grievance procedure which must be exhausted before a dispute is in an arbitrable posture. XVIII(6) (Step III) clearly contemplates the necessity of Council authorization and involvement. With this prerequisite in mind, a brief review of the trans-actional events underlying 2403's asserted authority to proceed in the name of HAMTC is in order.

At the time 2403 initially filed a grievance on August 31, 1983 it had not yet secured permission from HAMTC to do so. Such permission was granted, apparently nunc pro tunc, by unanimous vote of the Council on October 26, 1983. On that same date, Council President Todish signed an arbitration demand in HAMTC's name, as required under Article XVIII(6). Subsequently, a motion was made before the Council to revoke the authorization granted on October 26th. This motion was tabled. On March 28, 1984 the following motion was brought to a vote and narrowly passed:

> It has always been the rule within the Council that our General Council [sic] David E. Williams handles all legal matters on behalf of the Council. His retainer agreement and our By-Laws clearly spells out our attorneys duties.
>
> Because of recent developments that may cast some doubt as to Council authority over the various affiliates, I hereby move that we reaffirm the Council's position that no arbitration that affects more than one affiliate can be processed without the concurrence of our legally retained General Council [sic] or his duly elected representative. I further move that no affiliate, through any of its representatives, may act with the authority or use the name of the Council without the express approval of the legal delegate body.
>
> I further move that a copy of this motion, a copy of our By-Laws and a copy of our attorneys retainer agreement be sent by certified mail to the legal address of all HAMTC affiliates.

Deposition of Pete J. Todish, April 3, 1984, Exhibit 1.

It is now HAMTC's position, as least as interpreted by its president, that whatever authority 2403 may have enjoyed prior to March 28th of this year, such authority is now clearly and unambiguously revoked, and that 2403's arbitration efforts now

stand repudiated for failure to exhaust internal union remedies pertaining to jurisdictional disputes.

■ The only conclusion which can be drawn from the foregoing series of events is that "the arbitration clause is not susceptible of an interpretation that covers the asserted dispute" for lack of a necessary party in these proceedings; to wit, HAMTC.

THEREFORE IT IS ORDERED that:

(1) Plaintiff's Motion for Summary Judgment is DENIED.

(2) Defendant's Motion for Summary Judgment is GRANTED.

(3) Defendant's Motion for Costs and Fees is DENIED.