
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLEAN TECH PARTNERS, LLC, | No. 14-15156 |
| Plaintiff - Appellant, | D.C. No.1:13-cv-01409-AWI |
| v. | |
| ELECTRONIC RECYCLERS INTERNATIONAL, INC., et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted December 10, 2015[**]
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges, and MOSKOWITZ, Chief District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barry Ted Moskowitz, Chief Judge, United States District Court for the Southern District of California, sitting by designation.

Clean Tech Partners, LLC, ("Clean Tech"), appeals from the district court's order denying discovery, compelling arbitration, and dismissing the case. Clean Tech argues the order should be vacated on the ground that the district court erred in denying its request for limited discovery relating to the validity of a Stock Transfer Agreement ("STA"). We review the district court's decision denying discovery for an abuse of discretion. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The dispute in this case arises out of an arbitration provision in the STA, entered into between Clean Tech and Appellees John and Tammie Shegerian. John Shegerian is the Chairman and Chief Executive Officer of Appellee Electronic Recyclers International, Inc. ("ERI"), and Tammie Shegerian is ERI's Chief Financial Officer. Pursuant to the STA, the Shegerians agreed to purchase ERI stock owned by Clean Tech. Although the STA contains an arbitration provision, Clean Tech filed a complaint in the Eastern District of California alleging, *inter alia*, breach of contract, fraud, RICO violations, and securities fraud stemming from the transaction. The district court denied Clean Tech's motion for limited discovery, compelled arbitration, and dismissed the case.

As an initial matter, Clean Tech's appeal is not moot even though the parties arbitrated Clean Tech's claims following the district court's decision. An appeal is moot if no live case or controversy remains at the time of appeal. *NASD Dispute*

*Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007). A case or controversy exists on appeal so long as a favorable decision on the merits can give an appellant effective relief. *Id.* Here, Clean Tech's appeal is not moot because a decision vacating the district court order would give Clean Tech an opportunity to potentially contest the validity of the STA before a district judge rather than an arbitrator. *See Haig Berberian, Inc. v. Cannery Warehousemen*, 535 F.2d 496, 498 n.1 (9th Cir. 1976) (holding that an appeal was not moot because the arbitration award would be unenforceable if the court agreed with the appellant that the dispute was not arbitrable).

Reaching the merits, we hold that the district court did not abuse its discretion when it denied Clean Tech's request for discovery. Clean Tech failed to demonstrate how discovery would produce evidence indicative of the STA's invalidity both at the proceedings below and in its arguments on appeal. *See Hallett*, 296 F.3d at 751 ("[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.") (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)). The district court properly denied discovery based on Clean Tech's bare assertions that the STA was invalid.

**AFFIRMED.**