NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1547, AFL-CIO,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC.,<br><br>Defendant-Appellant. | No.  20-35021<br><br>D.C. No. 3:19-cv-00160-SLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted October 7, 2021[**]
Seattle, Washington

Before:  PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Defendant Alaska Communications Systems Holdings, Inc. ("Alaska

Communications") and Plaintiff International Brotherhood of Electrical Workers,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Local 1547, AFL-CIO ("IBEW") entered into a collective bargaining agreement ("CBA" or "the Agreement") that governs the terms and conditions of certain individuals employed by Alaska Communications. Alaska Communications refused to grant voluntary recognition under the CBA to a group of employees who work in Oregon, contending that the CBA's scope is limited to Alaska. IBEW filed a grievance and sought to arbitrate the grievance, but Alaska Communications refused, arguing it was outside the scope of the CBA's arbitration provision.

Relying on *Dennis L. Christensen General Building Contractor, Inc. v. General Building Contractor, Inc.*, 952 F.2d 1073 (9th Cir. 1991), the district court concluded that the parties' dispute was arbitrable because it involved interpreting the CBA's substantive provisions. Reviewing de novo, *Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council*, 940 F.2d 513, 516 (9th Cir. 1991), we agree and affirm.[1]

The parties dispute the scope of the CBA's arbitration provision in Section 4.4. In relevant part, Section 4.4 provides that the arbitrator's authority "shall be limited to determining questions directly involving the interpretation or application of specific provisions of [the CBA], and no other matter shall be subject to arbitration hereunder." The scope of the Agreement as a whole is defined in Section 1.3 and provides:

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

> This Agreement is applicable, within the State of Alaska, to all work within the scope of those job descriptions listed in the wage schedule in Appendix 1 and will be applicable to other positions or job classifications as agreed between the Union and [the] Company.

Alaska Communications contends that Section 1.3 specifically exempts disputes regarding out-of-state work from the Agreement's broad grievance and arbitration provisions.

In determining whether a grievance is arbitrable, our function is limited to interpretation of the arbitration clause, rather than the substantive provisions of the Agreement. *Dennis L. Christensen*, 952 F.2d at 1077 (first citing *Haig Berberian, Inc. v. Cannery Warehousemen*, 535 F.2d 496, 499 (9th Cir. 1976) (per curiam); and then citing *Westinghouse Hanford Co.*, 940 F.2d at 521). The arbitration clause in the CBA is broad, covering all disputes related to the terms of the Agreement, including disputes about "the interpretation or application of [a] specific provision of [the] Agreement." Because there is no express provision in the CBA excluding a particular grievance from arbitration, only "the most forceful evidence of a purpose to exclude the claim from arbitration" can overcome the presumption in favor of arbitration. *AT&T Techs. v. Commc'ns. Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 584-85 (1960)).

Alaska Communications presents no such evidence. It generally argues that Section 1.3 of the CBA, which provides that the "Agreement is applicable within

the state of Alaska," precludes arbitration of any dispute concerning employees outside of Alaska.  We rejected a similar argument involving a geographic scope provision in *Dennis L. Christensen*.  952 F.2d at 1077–78.  There, we held that we must "look only to the contract's arbitration clause, rather than to the substantive provisions of the agreement, to determine whether a dispute is arbitrable."  *Id.* at 1077.  Section 1.3 does not mention arbitration at all, let alone expressly carve out the disputed issue from the CBA's grievance and arbitration provisions.

Alaska Communications attempts to distinguish *Dennis L. Christensen* because that case involved a "modification" clause.  But the parties' CBA also contains a modification clause, specifying the circumstances when the Agreement will be expanded to cover certain employees.  Alaska Communications further attempts to distinguish *Dennis L. Christensen* by arguing that modifications to the labor agreements in that case concerned the geographic limits of the agreements' coverage.  There, however, we also held that the geographic coverage provisions of the agreements at issue did "*not* establish that disagreements in interpreting the modification provision of the master labor agreement were not to be arbitrated like any other disputes concerning the interpretation or application of that provision." 952 F.2d at 1077 (emphasis added) (quotation marks omitted).  Alaska Communications cites no caselaw supporting its contention that a provision governing the scope of an agreement restricts the reach of its arbitration provision.

4

Fundamentally, the parties dispute whether a particular provision of the CBA can be invoked for out-of-state employees. That is a dispute about "the interpretation or application of [a] specific provision of [the] Agreement," and thus it is covered by the CBA's arbitration clause. *See id.*; *Haig Berberian*, 535 F.2d at 498–99.

**AFFIRMED.**[2]

---

[2] Appellee's Request for Judicial Notice (Dkt. No. 35) is denied as moot because we have resolved this appeal in their favor without considering the additional documents.