NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OPERATING ENGINEERS LOCAL 3,

Plaintiff-Appellee,

v.

MARATHON PETROLEUM COMPANY
LP; TESORO REFINING & MARKETING
COMPANY, LLC,

Defendants-Appellants.

No.   23-15854

D.C. No. 3:22-cv-09057-AGT

MEMORANDUM*

OPERATING ENGINEERS LOCAL 3,

Plaintiff-Appellant,

v.

MARATHON PETROLEUM COMPANY
LP; TESORO REFINING & MARKETING
COMPANY, LLC,

Defendants-Appellees.

No.   23-16067

D.C. No. 3:22-cv-09057-AGT

Appeal from the United States District Court
for the Northern District of California
Alex G. Hse, Magistrate Judge, Presiding

Argued and Submitted June 6, 2024

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BENNETT,[**] District Judge.

Marathon Petroleum Company appeals the district court's grant of summary judgment compelling Marathon to arbitrate a grievance brought by the International Union of Operating Engineers Local 3 under a project labor agreement (the Agreement). Local 3 cross-appeals the district court's denial of attorney's fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment and a dispute's arbitrability under a collective bargaining agreement. *Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council*, 940 F.2d 513, 516 (9th Cir. 1991). We review evidentiary rulings made in the context of summary judgment motions for abuse of discretion. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). We likewise review a district court's decision to grant or deny attorney's fees for abuse of discretion. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005).

1. When a bargaining agreement contains a broad arbitration clause, "there is a presumption of arbitrability." *AT&T Techs., Inc. v. Communications Workers of*

---

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

*Am.*, 475 U.S. 643, 650 (1986). The court has "a limited role . . . . 'confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract.'" *Westinghouse*, 940 F.2d at 520 (quoting *United Steelworkers of Am. v. American Mfg. Co.*, 363 U.S. 564, 568 (1960)). The Agreement includes an arbitration clause that applies to "any question arising out of . . . this Agreement involving its interpretation and application." Local 3's grievance—which alleges that Marathon subcontracted soils and material inspection and testing to non-union contractors in violation of the Agreement— presents just such a question. Therefore, the grievance is arbitrable unless the Agreement contains an "express provision excluding [the] particular grievance from arbitration." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 585 (1960). It does not.

Marathon argues that the Agreement's arbitration clause does not apply to non-Covered Work as defined in Section 2, including soils and material inspection and testing. But Section 2's provisions govern the Agreement's scope; they do not contain any "clear, unambiguous exclusion[s] *from arbitration*." *AT&T*, 475 U.S. at 647 (emphasis added) (quoting *Communications Workers of Am. v. Western Elec. Co.*, 751 F.2d 203, 206–07 (7th Cir. 1984)). In the absence of any express exclusion, Marathon's argument is "for the arbiter, not for the courts." *Warrior & Gulf*, 363 U.S. at 585.

Nor does Marathon's status as the "Owner" under the Agreement exempt Local 3's grievance from arbitration. The Agreement does not contain "an express exclusion to arbitration" for claims against the Owner. *Westinghouse*, 940 F.2d at 523. To the contrary, Section 8 plainly contemplates grievances against the Owner: "[T]he Owner will not be responsible for any costs or expenses *unless the grievance is against the Owner*." (emphasis added).

Next, Marathon asserts that "it cannot be ordered to arbitrate an issue if the [arbitration] award conflicts with a statutory requirement," in this case, California Senate Bill 54. Cal. Health & Safety Code § 25536.7. But conflicts are "necessarily speculative when the arbitrator has yet to rule," so "[t]he mere possibility of conflict . . . is no barrier to arbitration." *Hospital and Inst. Workers Union Local 250, SEIU, AFL-CIO v. Marshal Hale Mem'l. Hosp.*, 647 F.2d 38, 42 (9th Cir. 1981); *see id.* (holding that conflicts should be "resolved . . . in an action to enforce the award"). Marathon cites *United Teachers of Los Angeles v. Los Angeles Unified School District* for the proposition that a grievance "subject only to the constraints of [a] statute" is not arbitrable. 278 P.3d 1204, 1215 (Cal. 2012). But *United Teachers* concerns the arbitrability of grievances that "arise[] from a matter . . . on which collective bargaining is statutorily preempted." *Id.* Senate Bill 54 does not preempt collective bargaining on any issue, let alone soils and material inspection and testing. Cal. Health & Safety Code § 25536.7.

2. Marathon sought to admit notes from its negotiator bearing on the arbitrability of grievances against the Owner. The district court did not abuse its discretion when it excluded that evidence. While "[e]vidence that the parties intended to exclude a particular type of claim from arbitration may be relevant and admissible," *Haig Berberian, Inc. v. Cannery Warehousemen*, 535 F.2d 496, 499 (9th Cir. 1976), "[w]here the words of a contract in writing are clear and unambiguous, its meaning is to be ascertained in accordance with its plainly expressed intent," *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015) (quoting 11 Richard A. Lord, Williston on Contracts § 30:6 (4th ed. 2012)). The Agreement expressly contemplates grievances against the Owner, and the grievance process culminates in arbitration. The district court's reliance on the express language of the Agreement was not an abuse of discretion. *See International Longshore and Warehouse Union v. NLRB*, 978 F.3d 625, 641 (9th Cir. 2020) (stating that when a bargaining agreement is unambiguous, "the parties' negotiations . . . bear no relevance to its meaning").

3. Finally, Local 3 challenges the district court's denial of attorney's fees on the ground that the court "applied an incorrect legal standard" because it considered whether Marathon's position was "frivolous" rather than merely "without justification." Even assuming that Local 3 is correct as to the standard, it cannot show a legal error because the district court found that it was not entitled to

5

fees under either standard. Although we agree with Local 3 that Marathon's arguments are not meritorious, the question before us is not whether we consider Marathon's position to be so lacking in merit as to warrant an award of fees. Rather, we assess whether the district court abused its broad discretion in declining to award fees. *See Thomas*, 410 F.3d at 647. Local 3 has not shown that it did.

**AFFIRMED.**