694 F.2d 203
 30 Fair Empl.Prac.Cas. 866
 The MILLER-WOHL CO., INC., Plaintiff-Appellant,
v.
COMMISSIONER OF LABOR AND INDUSTRY, STATE OF MONTANA, and
Tamara L. Buley, Defendants-Appellees.
Equal Employment Opportunity Commission, California Dep't of
Fair Employment & Housing, Employment Law Center,
and Equal Rights Advocates, Inc., Amici Curiae.
 No. 81-3333.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 9, 1982.
Decided Aug. 27, 1982.
Order Dec. 7, 1982.
 
 Charles L. Fine, Phoenix, Ariz., for plaintiff-appellant.
 Paul Van Tricht, Helena, Mont., argued, for Com'r of Labor.
 Richard R. Buley, Missoula, Mont., argued, for T.L. Buley; Tipp, Hoven, Skjelset & Fizzell, Missoula, Mont., on brief.
 Linda Krieger, San Francisco, Cal., for Dept. of Fair Employment.
 Karen MacRae Smith, Washington, D.C., for E.E.O.C.
 Before WRIGHT, KILKENNY and CANBY, Circuit Judges:
 
 ORDER
 
 1
 Amici curiae Employment Law Center and Equal Rights Advocates, Inc. raised, briefed, and argued, at the appellate level, the jurisdictional issue that disposed of this case.[1] They now present us with an extraordinary request: they move for an award of attorney fees from the unsuccessful plaintiff-appellant, Miller-Wohl Co. They contend that their extensive participation has made them parties to this litigation.
 
 
 2
 An amicus curiae is not a party to litigation. Clark v. Sandusky, 205 F.2d 915, 917 (7th Cir.1953). These amici fulfilled the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration. See Alexander v. Hall, 64 F.R.D. 152, 155 (D.S.C.1974); 3A C.J.S. Amicus Curiae Sec. 6, at 427 (1973). They argue that by doing so they have become parties to the case. The argument is self-contradictory.
 
 
 3
 Courts have rarely given party prerogatives to those not formal parties. A petition to intervene and its express or tacit grant are prerequisites to this treatment. Ex parte Cutting, 94 U.S. 14, 20-21, 24 L.Ed. 49 (1876); see Brennan v. Silvergate District Lodge No. 50, 503 F.2d 800, 803 (9th Cir.1974). These amici never attempted to intervene.
 
 
 4
 Even if we could deem them parties, the American rule requires each party to bear its own attorney fees absent contrary contractual or statutory provisions. Exceptions are narrowly circumscribed. United States v. Standard Oil Co. of California, 603 F.2d 100, 103 (9th Cir.1979).
 
 
 5
 Amici argue the "common benefit" exception. The purpose of this equitable exception is to prevent the unjust enrichment of those who benefit from the litigant's efforts. Boeing v. Van Gemert, 444 U.S. 472, 478-79, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980). It applies only when the court can accurately shift the litigant's expenses to those who benefited from them. Stevens v. Municipal Court, 603 F.2d 111, 112-13 (9th Cir.1979).
 
 
 6
 Amici say they bestowed a benefit on the court, the state of Montana, defendant Tamara Buley, and pregnant women. To require the unbenefited plaintiff, Miller-Wohl, to pay these amici attorney fees would conflict with the rationale of the exception and is impermissible. See Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 245 & n. 14, 269, 271, 95 S.Ct. 1612, 1615 & n. 14, 1627, 1628, 44 L.Ed.2d 141 (1975).
 
 
 7
 There remains the possibility of awarding amici a fee for services to the court. Common law permits such an award if (1) a court-appointed amicus rendered services that helped resolve the question presented, and (2) the party taxed caused the situation prompting the appointment. See Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, 853-54 (D.C.Cir.1981), cert. denied, 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982).
 
 
 8
 Miller-Wohl may have satisfied the second condition by bringing a case without federal jurisdiction. But these amici fail to satisfy the underlying requirement: they were volunteers, not appointees.[2]
 
 
 9
 These amici performed a valuable service for the court. Admirably fulfilling the role of amicus does not, however, entitle them to compensation.
 
 Motion denied.[3]
 
 
 [1]
 Miller-Wohl Co. fired employee Tamara Buley for pregnancy-related absences. It then brought this declaratory judgment action seeking to have the Montana Maternity Leave Act invalidated as conflicting with federal law. These amici were the first to realize that Miller-Wohl's federal "claims" were, in reality, anticipated federal defenses to the employee's state claim. The complaint thus failed to plead a federal question. Miller-Wohl Co. v. Commissioner of Labor and Industry, 685 F.2d 1088 (9th Cir.1982)
 
 
 [2]
 28 U.S.C. Sec. 1920 enumerates costs that any federal court may tax. Subsection (6), compensation of court-appointed experts, is the only provision that could encompass an amicus fee. Thus the common-law prerequisite of appointment by the court is for us a statutory prescription. Federal courts exercise sparingly their discretion to tax costs not statutorily authorized. Farmer v. Arabian Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964)
 
 
 [3]
 We also must reject amicus Employment Law Center's cost bill. The language of the applicable rules indicates that only parties are entitled to costs. See Fed.R.Civ.P. 54(d); Fed.R.App.P. 39(d); 9th Cir.R. 14(f). An amicus fee award defraying the Center's expenses is precluded for the reasons given