**INTERNATIONAL UNION OF PETROLEUM AND INDUSTRIAL WORKERS, Petitioner-Appellee,**

v.

**WESTERN INDUSTRIAL MAINTENANCE, INC., Respondent-Appellant.**

**No. 82–5960.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1983.

Decided June 1, 1983.

Stuart Libicki, Schwartz, Steinsapir, Dohrmann, Krepack, Sommers & Edelstein, Los Angeles, Cal., for petitioner-appellee.

James R. Wakefield, Bodkin, McCarthy, Sargent & Smith, Los Angeles, Cal., for respondent-appellant.

Before SNEED and TANG, Circuit Judges, and INGRAM,* District Judge.

TANG, Circuit Judge:

Appellant, Western Industrial Maintenance, Inc. ["the company"] appeals from the district court's award of attorneys' fees in favor of appellee, International Union of Petroleum and Industrial Workers ["the union"]. The union petitioned the district court, pursuant to section 301 (29 U.S.C. § 185) of the Labor-Management Relations Act ["the Act"], for confirmation of an ar-

* Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation.

bitration award based on a collective bargaining agreement between the company and the union. The district court confirmed the arbitration award and found that the company's refusal to comply with the award was without justification. Based on this finding, the court awarded attorneys' fees to the union. The company argues that the union did not make a sufficient showing of bad faith to justify the award of attorneys' fees. We conclude that the district court's finding is supported by the record, is not clearly erroneous, and therefore the award of attorneys' fees was not an abuse of discretion.

## BACKGROUND

Betty Sparks is a former employee of the company and a member of the union. In September, 1981, she filed a grievance alleging that "the company acted in a discriminatory manner when they" laid her off.

The collective bargaining agreement between the company and the union provides for a grievance procedure. The contract also provides for arbitration in the event that the grievance is not resolved. The grievance procedure provides that grievances shall be in writing and "must describe as fully as possible each alleged violation and the related facts."

On February 5, 1982, the grievance was arbitrated. At the commencement of the arbitration, the union posed the following as the issues to be heard and decided:

> Did the company violate the Articles of Agreement when Betty Sparks was laid off on or about September 18, 1981? [hereinafter "layoff issue"]
>
> Has the company violated the Articles of Agreement by not recalling Betty Sparks back to work after being laid off on or about September 18, 1981? [hereinafter "recall issue"]

The company agreed that the layoff issue was properly before the arbitrator. It objected to arbitrating the recall issue, however, on the ground that the grievance, as processed through the steps of the grievance procedure, related only to the issue of discriminatory layoff. It argued that consideration of the recall issue could allow the union to lose on the actual grievance which was processed through the underlying grievance procedure but still prevail in the arbitration. After raising its objection, the company requested a recess for "a proper opportunity to prepare" for the recall issue if it was to be included.

The arbitrator denied the recess request. He also declared that because the parties were unable to stipulate as to the issues to be heard and decided, he would "form the issue . . . through the process".

On July 15, 1982, the arbitrator issued his decision and award in favor of the union. The arbitrator framed the issues as posed by the union. He found that "the company did violate the Articles of Agreement with respect to the Grievant." Under the award, the company was required to make the Grievant whole "from the time of the companies [sic] layoff".

The company refused to comply with the arbitrator's award. The union thereupon petitioned the district court pursuant to section 301 of the Act for confirmation of the award, reinstatement and backpay for Sparks and reasonable attorneys' fees. The company opposed the petition on the grounds that the award was invalid because of the inclusion of the nonarbitrable recall issue and the Arbitrator's award conferred a seniority system on the union which it had not won through collective bargaining.

Following a hearing, the district court granted all relief requested by the union. Counsel for the union submitted an affidavit concerning the amount of attorneys' fees incurred. The district court found that the company's refusal to abide by the arbitrator's award was "without justification". It awarded $2,406.25 to the union as a reasonable attorneys' fee. This appeal ensued.

## DISCUSSION

The company appeals only from the district court's award of attorneys' fees. It argues that the union made an insufficient showing of bad faith, vexatiousness, wanton or oppressive conduct to support the fee award. The union asserts that a sufficient

showing was made and the district court's finding that the company's refusal to abide by the arbitrator's award was without justification is not clearly erroneous.

■ Under the American rule, absent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees. *Miller-Wohl Co., Inc. v. Commissioner of Labor and Industry*, 694 F.2d 203, 204 (9th Cir.1982). However, a court may assess attorneys' fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

■ This court reviews a district court's finding of "bad faith" under the clearly erroneous standard. *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1298 (9th Cir.), cert. denied, —— U.S. ——, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982). If bad faith is found, an award of attorneys' fees is within the district court's discretion. *Id.*

In this case the district court found that "[the company] without justification refused to abide by the Award of Arbitrator Clyde W. Yandell, dated July 15, 1982." Based on this finding, the Court ordered the company to pay the sum of $2,406.25 as attorneys' fees to the union.

The company does not argue that the district court's "without justification" finding does not equate with the criteria set forth in *Alyeska Pipeline, supra.* The company's sole argument is that the record does not support the finding that its refusal to abide by the arbitrator's award was without justification.

■ In any event, we agree with other circuits which have confronted this issue and conclude that an unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons. *See, e.g., Int'l Ass'n of Machinists & Aerospace Workers Dist. 776 v. Texas Steel Co.*, 639 F.2d 279, 283–284 (5th Cir.1981); *see also Lackawanna Leather Co. v. United Food and Commercial Workers, Dist. 271*, 706 F.2d 228 (8th Cir.

1983) (*en banc*); *cf. Chauffeurs Teamsters and Helpers, Local 765 v. Stroehmann Brothers Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980). It is clear that bad faith supporting an award of attorneys' fees may be found in conduct that led to the lawsuit or in conduct occurring during the course of the action. *Hall v. Cole*, 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973); *Dogherra v. Safeway Stores, Inc.*, 679 F.2d at 1298. Moreover, "[b]ad faith may be demonstrated by showing that a defendant's obstinancy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation." *Huecker v. Milburn*, 538 F.2d 1241, 1245 n. 9 (6th Cir.1976). The award of attorneys' fees in the latter context satisfies a dual purpose—deterrence and compensation. The threat of an award of attorneys' fees tends to deter frivolous dilatory tactics. The award also compensates a plaintiff "for the added expense of having to vindicate clearly established rights in court." *Id.*

These considerations are particularly apt in the context of labor arbitration. It is generally recognized that labor arbitration advances the goal of industrial stabilization. *See United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 577–578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1403 (1960). Engaging in frivolous dilatory tactics not only denies the individual prompt redress, it threatens the goal of industrial peace. Therefore, the deterrence aspect of an award of attorneys' fees is particularly served where a party, without justification, refuses to abide by an arbitrator's award. This policy has been succinctly stated by the Fifth Circuit Court of Appeals:

"[W]e refuse to countenance frivolous and wasteful judicial challenges to conscientious and fair arbitration decisions." . . . The federal labor policy favoring voluntary arbitration dictates that when a refusal to abide by an arbitration decision is without justification, and judicial enforcement is necessary, the court should award the party seeking enforcement

reasonable costs and attorneys' fees incurred in that effort. This sanction is necessary lest federal labor policy be frustrated by judicial condonation of dilatory tactics that lead to wasteful and unnecessary litigation.

*Int'l Ass'n of Machinists & Aerospace Workers Dist. 776 v. Texas Steel Co.,* 639 F.2d at 284 (citation omitted).

In this case, absent justifiable grounds for asserting invalidity, the arbitrator's decision and award was final and binding. The award set forth clear legal rights which the company refused to satisfy. This refusal gave rise to the necessity to petition the district court for enforcement of that right with the attendant delay and expense.

The company maintains that it was justified in ignoring the award because it considered the award to be invalid. The applicable collective bargaining agreement provides that issues must first proceed through the grievance procedure before they become arbitrable. The company argues that the recall issue was not processed through the grievance procedure. It was raised for the first time at the arbitration hearing and therefore was not a proper subject for arbitration. The company contends that because the arbitrator erred in considering the nonarbitrable recall issue and because the arbitrator's award was ambiguous—making it impossible to discern whether the award was premised on the nonarbitrable issue—it was not bound by the award.

■ The company's argument does not withstand analysis. An arbitrator's award must be upheld as long as it "draws its essence" from the agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596–97, 80 S.Ct. 1358, 1360–61, 4 L.Ed.2d 1424 (1960). However, as we have observed, "arbitration is a matter of contract and a party is bound by an award only if he agreed to submit the issue to arbitration." *International Brotherhood of Teamsters v. Washington Employer's, Inc.,* 557 F.2d 1345, 1347 (9th Cir. 1977). But "[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award". *Enterprise Wheel, supra,* 363 U.S. at 598, 80 S.Ct. at 1361. Moreover, federal labor policy favors arbitration. Therefore, in determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts resolved in favor of the arbitrator's authority. *Laborers Int'l Union Local 252 v. Town Concrete Pipe of Washington, Inc.,* 680 F.2d 1284, 1285 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982).

■ In this case although the arbitrator's opinion does not expressly analyze and reject the recall issue, the award resolves any apparent ambiguity. The award states that:

> The Grievant, Betty Sparks, shall be made whole for wages lost, vacation lost and holidays lost less the Grievant's earnings, paid holidays and paid vacations, earned from other employment, from the time of the companies [sic] *lay-off.* (emphasis added).

The award constitutes a clear indication that the arbitrator concluded that the company violated the collective bargaining agreement with respect to the layoff. Thus, it was unnecessary for the arbitrator to consider the recall issue.[1]

There is no dispute as to the arbitrator's authority to decide the layoff issue. Because the arbitrator's decision and award was fully supported and clearly based upon the arbitrable layoff issue, the record supports the finding that the company's refusal to abide by the award was without justification. The district court's finding is not clearly erroneous. Therefore, the district court did not abuse its discretion in awarding attorneys' fees to the union.

---

1. Because we conclude that the arbitrator's award was clearly based on the arbitrable layoff issue, it is unnecessary for us to consider whether the recall issue was a proper subject for arbitration. *Cf. Lackawanna Leather Co. v. United Food and Commercial Workers Dist. 271,* 706 F.2d 228, *supra.*

Finally, the union seeks reimbursement for attorneys' fees incurred in this appeal. It cites *Manhart v. City of Los Angeles, Dept. of Water, Etc.*, 652 F.2d 904, 909 (9th Cir.1981) as authority supporting this request. *Manhart* is inapposite. The award of attorneys' fees in that case was authorized by Section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k). There is no statutory basis for an award of attorneys' fees in this case.

■■■ However, this court has discretion to award attorneys' fees as a sanction for bringing a frivolous appeal. *See* Fed.R. App.P. 38; *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 699 F.2d 484 (9th Cir.1983); *General Brewing Co. v. Law Firms of Gordon, Thomas, Honeywell, Malanca, Peterson, O'Hearn*, 694 F.2d 190, 193 (9th Cir.1982). An appeal is considered frivolous in this circuit when the result is obvious or the arguments of error advanced are wholly without merit. *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981). Moreover, the considerations which apply to suits to enforce an arbitration award necessitated by frivolous dilatory tactics apply with equal force with regard to frivolous appeals.

■■■ However, in the instant action, the company has not appealed the merits of the confirmation order. *Cf. Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332 (9th Cir.1981). It challenges only the award of attorneys' fees. Because this circuit has not heretofore held that an unjustified refusal to abide by an arbitrators award constitutes a basis for an award of attorneys' fees, we conclude that the company's challenge is not wholly devoid of merit. *Cf. Alhambra Foundry v. General Warehousemen's Union, Local 598*, 687 F.2d 287, 290 (9th Cir.1982). Therefore, no award is made for attorneys' fees incurred in this appeal.

AFFIRMED.