**SUPERMARKETS GENERAL CORPORATION d/b/a Pathmark Supermarkets, Petitioner,**

**and**

**LOCAL 919, UNITED FOOD AND COMMERCIAL WORKERS UNION, AFL–CIO, Respondent.**

**No. Civ. H–85–649 (PCD).**

United States District Court,
D. Connecticut.

Oct. 15, 1986.

**832**

Seamus Tuhony, Lynn Glover, Hartford, Conn., for petitioner.

J. William Gagne, Jr., Hartford, Conn., for respondent.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

Petitioner suspended Erwin Shonfeld on September 6, 1984. Respondent filed a grievance and simultaneously requested arbitration by the Connecticut State Board of Mediation and Arbitration ("State Board"). Petitioner objected, claiming that the parties' collective bargaining agreement required that they endeavor to select a mutually agreeable arbitrator before requesting arbitration by the State Board or by the American Arbitration Association ("AAA"). In an effort to comply with the agreement, petitioner proposed a list of arbitrators, hoping to come to an agreement with respondent on who should hear the grievance. Receiving no response, petitioner requested arbitration by the AAA on February 26, 1985.

The AAA set a grievance hearing for May 6, 1985, but the proceeding was enjoined when respondent secured a temporary restraining order from the Connecticut Superior Court on May 3, 1985, and a hearing date set for May 22, 1985, to decide whether respondent's request to the State Board was in compliance with the collective bargaining agreement. On May 17, 1985, the action was removed to this court. Neither the State Board nor the AAA heard the grievance as originally scheduled.

The AAA set a new hearing date of June 28, 1985, against which respondent unsuccessfully sought injunctive relief in this court. The issue of the AAA's jurisdiction over the grievance was raised and submitted for resolution by Arbitrator House of the AAA as follows:

> Whether the grievance of Erwin Shonfeld is arbitrable before the American Arbitration Association under the collective bargaining agreement between the parties. If not, what shall the remedy be?

Opinion and Confirmation of Bench Award at 2, Case No. 12 30 0102 85, July 19, 1985.

The hearing was limited to this issue and the arbitrator ruled that respondent's written request of January 29, 1985, to the State Board was untimely and, therefore, invalid and thus that the State Board's jurisdiction could not be invoked.

At the same time, Arbitrator House ruled that petitioner's request for arbitration dated February 26, 1985, properly invoked the jurisdiction of AAA. A written award on July 19, 1985, articulated the basis for the arbitrator's decision. A hearing on the merits of the Shonfeld grievance was scheduled for September 4, 1985. Meanwhile, respondent requested the State Board to conduct a hearing on both the jurisdictional issue and the merits of the grievance.

On August 26, 1985, this court ruled that petitioner's motion to confirm the arbitration award and respondent's motion to vacate it were premature as Arbitrator House's ruling was interlocutory in nature. Additionally, respondent's effort to bring the dispute before the State Board was stayed on the basis that such action was inefficient and unnecessarily time consuming in light of the identical arbitration pending before the AAA.

On January 27, 1986, the AAA ruled in petitioner's favor on the merits of the grievance. Respondent now moves to vacate this court's stay so that it can proceed before the State Board and to vacate both AAA awards as not within its jurisdiction. Petitioner has moved to confirm the two awards and for attorney fees.

### A. Motion to Stay

Respondent argues that the court should first consider lifting the stay precluding arbitration of its claim before the State Board. It has previously been held that respondent's efforts to seek dual arbitration

> contravenes all intention of the parties expressed in the collective bargaining agreement. No provision of the agreement even remotely indicates an intent to submit issues to dual arbitration. Indeed a fair reading of the contract is to the contrary, i.e., but one arbitration was intended. There is likewise no policy favoring "arbitrator-shopping." Petitioner was fortunate to be first to get an award, but the race cannot be allowed to continue.

Ruling on Pending Motions at 8, August 26, 1985 (footnotes omitted).

Respondent argues now, much as it did then, that the ruling was an "unwarranted and one-sided judicial interference with the arbitration process...." Respondent cites John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 893 (1964), for the proposition that, where two different arbitration forums are available, both forums should be allowed to address the issues. Livingston actually dealt, however, with the issue of meeting the prerequisites for invoking arbitration. Arbitrator House considered the same prerequisites to the arbitration in this case, found that petitioner had properly met

those prerequisites and proceeded to render a decision based on the proper invocation of the AAA's jurisdiction.[1] The order staying respondent from simultaneously proceeding before the State Board was a separate question from the AAA's jurisdiction and was properly based on the issues considered by the Supreme Court in *Livingston*—the contract between the parties, efficiency, and the avoidance of arbitration-shopping. *Id.* at 558, 84 S.Ct. at 918 (favoring speedy arbitrated settlement of disputes).

■ Arbitration is a matter of contract and hence subject to judicial determination. The agreement in question provides for either party to choose *either* the AAA *or* the State Board. The contract does not provide that both parties may choose forums and proceed simultaneously with arbitration. Arbitration is a cost effect alternative to expensive and time-consuming litigation. To allow dual arbitration would undermine this basic policy. *See, e.g., Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59 (2d Cir.1983) (discussing advantage of arbitration). The delays in resolving the dispute between the parties at hand are quite contrary to the purpose of arbitration.

### B. *Motions to Vacate and Confirm*

Respondent requests that the AAA's orders of July 19, 1985, and January 27, 1986,[2] be vacated in accordance with 9 U.S.C. § 9 on the ground that Arbitrator House exceeded his powers by ruling the grievance arbitrable thus rendering both decisions invalid. 9 U.S.C. § 10(d). Respondent also claims that the arbitrator's actions prejudiced respondent's rights. 9 U.S.C. § 10(c).[3] Respondent argues that Arbitrator House improperly found that the AAA had exclusive jurisdiction, from

which it follows that both his decisions are invalid.

■ The burden of avoiding the confirmation of an arbitration award is a heavy one. "[O]nly clear evidence of impropriety in the arbitration proceedings would justify denial of the award." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707–08 (2d Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986); *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 701 (2d Cir.1978) (Courts must exercise great caution when asked to set aside a decision which is the product of the theoretically informal, speedy and inexpensive process of arbitration.). Respondent argues that Arbitrator House considered the question of jurisdiction in terms of the AAA versus the State Board, rather than the propriety of the AAA exercising jurisdiction. An award that addresses issues beyond those submitted to it is unenforceable. *International Chemical Workers Union v. Mobay Chemical Corp.*, 755 F.2d 1107, 1110 (4th Cir.1985); *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Union*, 611 F.2d 580, 583 (5th Cir.1980). Such is not the case here.

■ The parties submitted the following question: "Whether the grievance of Erwin Shonfeld is arbitrable before the American Arbitration Association under the collective bargaining agreement between the parties. If not, what shall the remedy be?" In considering this question, Arbitrator House considered the relevant terms of the collective bargaining agreement:

3. Arbitration Procedure

(a) In the event that the Employer and the Union are unable to settle a grievance within seven (7) days after the conclusion of the discussion under step

---

1. In its August 26, 1985, ruling, the court specifically reserved decision on the propriety of AAA's assumption of jurisdiction. This question is now addressed in section B of this opinion.

2. According to 9 U.S.C. § 9 an arbitrator's award must be confirmed unless the award is vacated, modified or corrected as prescribed in

§§ 10 and 11. As such, the court will consider the parties' cross-motions together.

3. Although petitioner has not specified under which section it is moving, the court feels these sections are the most pertinent.

three set forth in Section 2 of this Article, then either party may request arbitration of said grievance by serving upon the other, no later than seven (7) days following the date of the last discussion under step three of the grievance procedure, written request for arbitration and a failure to request arbitration within the aforesaid seven (7) day period shall constitute a waiver of the grievance.

(b) The parties shall endeavor to agree upon an impartial arbitrator and in the event that they are unable to so agree within five (5) days after request for arbitration has been made in accordance with the foregoing, then the Employer or the Union may request the American Arbitration Association or the Connecticut State Board of Mediation and Arbitration to hear and determine the case in accordance with the then prevailing rules of the American Arbitration Association or the Connecticut State Board of Mediation and Arbitration.

The decision was based on a step-by-step analysis of the contractual language and the facts of this case and concluded that only petitioner had complied with the prerequisites necessary to invoke the jurisdiction of either the AAA or the State Board. Respondent did not endeavor to find an impartial arbitrator and instead immediately filed for arbitration before the State Board. Petitioner proposed to respondent a list of arbitrators felt to be impartial. After respondent did not answer two attempts to select an impartial arbitrator, petitioner moved to the next step and filed its grievance with the AAA. Respondent failed to comply with the contract and cannot now base a claim of jurisdictional invalidity on such failure. An arbitrator's jurisdiction to make awards is derived from the agreement between the parties and is to be

interpreted within the general principles of contract law. *Continental Materials Corp. v. Gaddis Mining Co.*, 306 F.2d 952, 954 (10th Cir.1962). Arbitrator House's decision was proper given the facts of this case. Any extent to which he discussed the State Board's jurisdiction was only incidental to his analysis of AAA's jurisdiction.[4]

The mandates of 9 U.S.C. § 9 are clear— the court must confirm the arbitration award, if it decided only issues arbitrable under the agreement, unless it is vacated or modified. *Diapulse Corp. of America v. Carba, Ltd.*, 626 F.2d 1108, 1110 (2d Cir.1980). Respondent has presented no arguments[5] warranting vacating the award nor has a de novo review of the arbitrator's decision suggested any. The award is confirmed.

## C. *Attorney Fees*

Petitioner argues for an award of attorney fees because respondent's conduct constitutes bad faith and oppressive conduct.

"As an exception to the so-called American rule barring the shifting of the obligation to pay counsel fees from one party to another, the district court, in the exercise of its historic equity jurisdiction, may, in unusual circumstances, award counsel fees as costs to the prevailing party...." Annot. 31 A.L.R.Fed. 833, 389 (1977). "Unusual circumstances" means conduct of a party who "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Browning Debenture Holders' Committee v. Dasa Corp.*, 560 F.2d 1078, 1087–88 (2d Cir.1977). "An action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Id.* at 1088.

**4.** Indeed, this conclusion is obvious when one reviews Arbitrator House's decision of January 27, 1986: "[O]n June 2, 1985 ... I ... ruled ... that the issue on the merits was properly arbitrable under the administration of the American Arbitration Association." *Id.* at 1.

**5.** Respondent also claimed that the award was prejudicial but has not explained this point beyond the jurisdiction issue. Accordingly, this argument is without merit.

Petitioner points to *International Union of Petroleum Workers v. Western Indust. Maintenance, Inc.*, 707 F.2d 425 (9th Cir.1983), in which the court held that the employer improperly refused to comply with a final and binding arbitration award which ordered provision of certain rights to the employee in question. The company had refused because the arbitrator had considered a recall issue not proposed for his consideration. The facts in *International Union*, while similar to the case at hand, are not controlling. Respondent's arguments concerning AAA's jurisdiction, albeit erroneous and contrary to the plain language of the contract, were not an unreasonable interpretation of the contractual language and was not such bad faith as was the refusal to comply with a final order exhibited in *International Union*. Indeed, to hold otherwise on the facts presented here would clearly violate the principles underlying the American rule insuring that all parties are not discouraged from fairly contesting legitimate, though unsustained, claims. *Gerstle v. Gamble-Skogmo, Inc.*, 478 F.2d 1281, 1309 (2d Cir. 1973).

Accordingly, respondent's motion to lift the stay and to vacate are denied. Petitioner's corresponding motion to confirm is granted; its motion for attorney fees is denied.

SO ORDERED.