134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GST TUCSON LIGHTWAVE, INC., an Arizona Corporation,
Plaintiff-Appellant,
v.
CITY OF TUCSON, an Arizona municipal corporation, Defendant-Appellee,
and
U.S. WEST COMMUNICATIONS, INC., Defendant-Intervenor-Appellee.
 No. 97-15328.
 United States Court of Appeals, Ninth Circuit.
 Feb. 2, 1998.
 
 Before WOOD, JR.,*** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 GST Tucson Lightwave ("GST") is a telecommunications provider attempting to enter the Tucson, Arizona market. GST requested a franchise/license from the city of Tucson ("City") which would allow GST access to the City's rights-of-way in order to install, maintain, and operate a fiber optics communication system within the city limits. Under Chapter 7B of the Tucson City Code, the City will grant a license only if the recipient agrees to pay the City an amount equal to 5.5% of its gross annual revenues from customers within the city limits. Two telecommunications providers are currently operating in Tucson under a franchise fee arrangement. However, a third provider, U.S. West Communications ("U.S.West"), does not pay a license/franchise fee.
 
 
 3
 GST filed a complaint for Declaratory Judgment and Injunctive Relief against the City, claiming that the City had managed its rights-of-way in a discriminatory manner in violation of § 253(c) of the Telecommunications Act of 1996, ("TCA"), 47 U.S.C. § 253(c), by applying the license/franchise fee to GST and not to U.S. West. U.S. West intervened as a defendant, and the parties filed motions for judgment on the pleadings. The district court granted the City's motion, holding that § 253(c) did not create a private cause of action. The case was dismissed, and GST appeals.
 
 
 4
 After the briefs were filed in this court, GST and the City entered into a settlement agreement. This agreement provides that the City will grant GST a license/franchise, which will be effective for fifteen years. In exchange, GST agrees to pay the City 5% of its gross revenues earned from customers within the city limits. GST waives all legal objections to the terms of the license and to the authority of the City to impose the terms. Additionally, GST agrees to surrender any existing licenses. GST and the City agree to dismiss the pending state litigation concerning this matter. Section 4 of the Settlement Agreement, entitled "Partial Settlement of Federal Litigation," outlines the parties' agreement with regard to the litigation before this court. Section 4 states:
 
 
 5
 [a]s a limited exception to the acceptance and waiver provision of (the license and franchise agreements), GST and the City agree that with regard to Case No. CV 96-326 TUC JMR,. .GST may continue its current appeal of the Order of the U.S. District Court dated December 19, 1996, which appeal is currently pending before the United States Court of Appeals for the Ninth Circuit. However, in the event the Ninth Circuit Court of Appeals rules in favor of GST on its appeal and remands the case to the District Court, no further proceedings shall be taken in the United States District Court. In any event, upon the earlier of the termination of the appeal in favor of the City, or a remand to the United States District Court, GST agrees that it shall then forthwith cause Case No. CV-96-326 TUC JMR to be dismissed with prejudice, each party to bear its own fees and costs.
 
 
 6
 Under the Settlement Agreement, regardless of the way in which this court rules, the parties have agreed to dismiss the suit. Additionally, GST has accepted a license. Given these circumstances, we instructed the parties to file supplemental letter briefs addressing the possibility of mootness.
 
 
 7
 Article III of the United States Constitution requires that there be a live case or controversy at the time a federal court decides a case. Burke v. Barnes, 479 U.S. 361, 363 (1987). As a result, a federal court cannot declare rules of law that cannot affect the matter at issue in the case before it. Church of Scientology of Cal, v. United States, 506 U.S. 9, 12 (1992) (citations omitted). If an event occurs while a case is pending appeal that makes it impossible for the court to grant "any effectual relief whatever" to the prevailing party, the appeal must be dismissed. Id.
 
 
 8
 In its complaint, GST asked the court for both declaratory and injunctive relief. GST's claim for injunctive relief became moot when GST accepted a license under the Settlement Agreement. Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 121 (1974). In order to determine whether GST's claim for declaratory relief is moot as well, we must determine whether there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at 122 (citations omitted). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). In the present case, we do not see what relief we could grant by reviewing the district court's decision. As a result of the Settlement Agreement, our decision in this case cannot affect the legal rights of the parties. Since GST has accepted a fifteen-year license, there is no longer a substantial, immediate controversy to warrant a declaratory judgment. The case is moot.
 
 
 9
 GST argues that this case is not moot because it falls under an exception to the mootness doctrine for cases capable of repetition yet evading review. We disagree. In order for a case to qualify under this exception, two criteria must be present. First, there must be a "reasonable expectation" that the complaining party will be subject to the same injury again. Secondly, the injury suffered must be inherently limited in duration such that it is likely to always become moot before federal court litigation can be completed. Native Village of Noatak v. Blanchford, 38 F.3d 1505, 1009-10 (9th Cir.1994).
 
 
 10
 We will begin our analysis with a discussion of the second element. GST asserts that the issue presented in this case evades review due to the economic pressures of the telecommunications industry. To support this contention, GST cites Super Tire Engineering Co. v. McCorkle, 416 U.S. 115 (1974). However, the present case is distinguishable from Super Tire on this point. In Super Tire, the Court found that the issue presented evaded review due to the fact that "the great majority of economic strikes do not last long enough for complete judicial review of the controversies they engender." Super Tire, 416 U.S. at 126. The Court supported this finding with statistics compiled by the U.S. Department of Labor on the length of strikes in 1971.
 
 
 11
 In the present case, GST claims that the issue of whether private remedies exist under § 253(c) will evade review because competition for consumers forces telecommunications providers to settle discrimination suits such as this one before they can be fully litigated. GST supports this assertion with an affidavit from its chief financial officer which states that "the period in which a local telephone market is first opened to competition is the most opportune moment for attracting customers away from the local Bell monopoly." GST points out that it was "compelled" to settle in the present case when two of its competitors agreed to accept licenses under terms laid out by the City. Not wanting to miss out in the race for consumers, GST agreed to accept a license under the same terms as these two other telecommunications providers. GST provides no further evidence to support this contention. We find this evidence to be too speculative to support a finding that these claims are likely to always become moot before federal litigation can be completed.
 
 
 12
 The issue in question in this case is one of public importance; however, that fact alone is insufficient to rescue an otherwise failing claim. What is being sought here now appears to be no more than an advisory opinion for industry guidance. Had the parties not rushed to settlement and asked for an expedited appeal, possibly this court, in a decision on the merits, might have been helpful, but, following the settlement agreement, nothing remains to warrant such a decision.
 
 
 13
 Since we have determined that the issue in this case does not evade review, we need not determine whether it is capable of repetition. This case is moot and does not qualify under an exception to the mootness doctrine. As a result, we must dismiss.
 
 
 14
 Having determined that this appeal is moot, we must now decide whether to vacate the district court's decision. Absent exceptional circumstances, "mootness by reason of settlement does not justify vacatur of a judgment under review." U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 29 (1994). The exceptional circumstances determination requires a balancing of equities. Id. at 29. In cases of settlement, the losing party below "has voluntarily forfeited his legal remedy by the ordinary processes...." Id. at 25. As a result, the appellant, who is seeking relief from the status quo of the lower court judgment, bears the burden of demonstrating not only equivalent responsibility for mootness, but also equitable entitlement to vacatur. Id. at 26. GST has failed to meet this burden, and we decline to exercise the extraordinary remedy of vacatur.[1]
 
 
 15
 Our denial of vacatur does not preclude the district court from vacating its own judgment, after an independent review of the equities. Cammermeyer v. Perry, 97 F.3d 1235, 1239 (9th Cir.1996). Therefore, we remand the case to the district court for such a determination.
 
 
 16
 DISMISSED and REMANDED.
 
 
 
 **
 It has been determined that this case is suitable for decision without argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Amicus curiae ALTS filed a supplemental letter brief claiming that it was equitably entitled to vacatur based on the fact that it was not a party to the Settlement Agreement and that the private right of action issue is being raised in other parts of the country. We do not find these arguments to be persuasive. Additionally, an amicus curiae is not a party to the litigation, Miller-Wohl, Co. v. Com'r of Labor and Industry, 694 F.2d 203, 204 (9th Cir.1982), and we are not bound to provide relief to the amicus apart from the relief appropriate to the actual parties