FILED

OCT 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>        Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>SEIU LOCAL 24/7,<br><br>        Defendant-counter-claimant - Appellant. | No. 12-17309<br><br>D.C. No. 4:10-cv-05288-SBA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Defendant SEIU Local 24/7 appeals from the district court's order denying the union's motion for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

This court reviews "the denial of attorney's fees for abuse of discretion, and must affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (internal citations omitted). The district court did not abuse its discretion here.

Attorneys' fees are appropriate as a sanction when a party acts in bad faith or engages in conduct tantamount to bad faith. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). A refusal to obey an arbitral order may constitute bad faith conduct. *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint.*, 707 F.2d 425, 428 (9th Cir. 1983). However, a challenge to an arbitral order on the ground that an arbitrator did not apply or misinterpreted the underlying contract does not necessarily constitute bad faith.

This court has already decided this issue. In *Federated Department Stores v. United Foods and Commercial Workers Union, Local 1442*, a company brought a suit to vacate an arbitrator's award on the ground that his decision contradicted the contract's language. 901 F.2d 1494, 1495–96 (9th Cir. 1990). As in this case, the

panel disagreed and found the interpretation plausible. *Id.* at 1497. This court nevertheless rejected the union's request for attorneys' fees because there was "no evidence that the Company brought this action in bad faith." *Id.* at 1498 (citing *Sheet Metal Workers Int'l Ass'n Local Union # 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 747 (9th Cir. 1985)).

In light of *Federated Department Stores*, the district court did not abuse its discretion.

**AFFIRMED.**

*Pacific Gas & Electric Company v. SEIU Local 24/7*, No. 12-17309

FILED

OCT 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WATFORD, Circuit Judge, concurring:

The union has made a strong showing that PG&E's petition to vacate the arbitrator's award was entirely frivolous. The magistrate judge agreed with the union's position in the proceedings below, and had we been reviewing *that* decision, I would have voted to affirm the imposition of sanctions without hesitation. But the district judge who ruled on the merits of PG&E's petition—and ultimately denied it in fairly strong language—came out differently on the question of frivolousness. In this circuit, we review that determination only for an abuse of discretion, and I can't say that the district court's conclusion, although different from my own, was "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).