MEMORANDUM **
Defendant SEIU Local 24/7 appeals from the district court’s order denying the union’s motion for attorneys’ fees. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
This court reviews “the denial of attorney’s fees for abuse of discretion, and must affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible or without support in the record.” TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir.2011) (internal citations omitted). The district court did not abuse its discretion here.
Attorneys’ fees are appropriate as a sanction when a party acts in bad faith or engages in conduct tantamount to bad faith. Fink v. Gomez, 239 F.3d 989, 994 (9th Cir.2001). A refusal to obey an arbi-tral order may constitute bad faith conduct. Int’l Union of Petroleum & Indus. Workers v. W. Indus. Maint., 707 F.2d 425, 428 (9th Cir.1983). However, a challenge to an arbitral order on the ground that an arbitrator did not apply or misinterpreted the underlying contract does not necessarily constitute bad faith.
This court has already decided this issue. In Federated Department Stores v. United Foods and Commercial Workers Union, Local 1IM, a company brought a suit to vacate an arbitrator’s award on the ground that his decision contradicted the contract’s language. 901 F.2d 1494, 1495-96 (9th Cir.1990). As in this case, the panel disagreed and found the interpretation plausible. Id. at 1497. This court nevertheless rejected the union’s request for attorneys’ fees because there was “no evidence that the Company brought this action in bad faith.” Id. at 1498 (citing Sheet Metal Workers Int’l Ass’n Local Union # 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 747 (9th Cir.1985)).
In light of Federated Department Stores, the district court did not abuse its discretion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.