# Matter of BAY AREA LEGAL SERVICES, INC., Applicant
Request for Accreditation

*Decided July 2, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Office of the Director

An *amicus curiae* is not a party in recognition and accreditation proceedings and has no authority to seek further action following the conclusion of an administrative review under 8 C.F.R. § 1292.18.

McHENRY, Director:

On October 16, 2019, the Office of Legal Access Programs (OLAP), as designated by the Office of Policy, approved the application of Bay Area Legal Services, Inc. (Applicant) for recognition under 8 C.F.R. § 1292.11. It also approved a request to extend recognition of the Applicant's principal office to various extension offices under 8 C.F.R. § 1292.15.

Applicant also submitted a request for full accreditation for Carlos Betancourt under 8 C.F.R. § 1292.12. On October 16, 2019, OLAP disapproved the request for full accreditation for Mr. Betancourt but approved the application for partial accreditation for him. On December 16, 2019, OLAP received a request for reconsideration of the disapproval of the application for full accreditation for Mr. Betancourt pursuant to 8 C.F.R. § 1292.13(e). On February 19, 2020, OLAP denied the request for reconsideration. On May 22, 2020, I affirmed OLAP's denial of the request for reconsideration. *Matter of Bay Area Legal Services, Inc.*, 27 I&N Dec. 837 (Dir. 2020).

Subsequently, an organization acting as a putative *amicus curiae* contacted the Executive Office for Immigration Review (EOIR) and requested clarification of my decision, first by email to OLAP on May 28, 2020, and then by letter to me on June 17, 2020. Although *amicus curiae* may be invited to brief issues in an administrative review under 8 C.F.R. § 1292.18, *Matter of Bay Area Legal Services, Inc.*, 27 I&N Dec. at 838 n.1, there is no authority for an *amicus curiae* to seek further action once a decision has been rendered in such a review.[1] *See Matter of DeJong*, 16 I&N

---

[1]   The regulations are silent regarding whether a party may seek reconsideration or clarification of an administrative review decision rendered under 8 C.F.R. § 1292.18, and

Dec. 739, 741 (BIA 1979) ("The Union here was never a party to the proceedings and we do not consider the fact that an amicus brief was filed sufficient grounds for the Union to enter a motion to reconsider our decision."). To do so would allow an *amicus curiae*, as a non-party, to pursue a case without an applicant's assent and convert the *amicus curiae* into the real party in a case; however, no law allows such a transformation in recognition and accreditation proceedings nor in any proceedings generally. *Id.* ("We know of no legal principle which would dictate such a result . . . ."); *see also United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) ("Amicus, however, has never been recognized, elevated to, or accorded the full litigating status of a named party or a real party in interest, and amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy . . . ." (internal citation omitted)); *cf. Miller-Wohl, Co. v. Comm'r of Labor and Indus., State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("An amicus curiae is not a party to litigation. . . . Courts have rarely given party prerogatives to those not formal parties.").

Accordingly, construing the communications of *amicus curiae* as requests or motions for clarification, those requests are denied.[2]

**ORDER:** The requests for clarification submitted by *amicus curiae* are denied.

---

I express no opinion on whether a party may properly do so. Similarly, I express no opinion on whether there is any inherent authority of an adjudicator to reconsider or modify a decision in recognition and accreditation proceedings after it has been issued.

[2] I note, parenthetically, that the concerns of *amicus curiae* are unfounded. The prior decision makes clear that an applicant for full accreditation may demonstrate the requisite "skills essential for effective litigation" with evidence of appropriate training or education and need not necessarily demonstrate in-court experience or prior litigation experience. *Matter of Bay Area Legal Services, Inc.*, 27 I&N Dec. at 850 ("[The record] is completely devoid of evidence of *any recent training* or experience that would demonstrate such skills. . . . Nevertheless, it is clear that Mr. Betancourt has not assisted on any recent cases pending before EOIR or that he has *any recent training*, *education,* or experience related to trial and appellate advocacy." (internal quotation marks omitted) (emphasis added)).