CEMEX, INC., a Louisiana corporation, Plaintiff—Appellee,

v.

COUNTY OF LOS ANGELES, Defendant.

City of Santa Clarita, Applicant for Intervention—Appellant.

No. 02–56364.
D.C. No. CV–02–00747–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Feb. 24, 2004.

Patricia S. Brody, Kerry Shapiro, Jeffer Mangels Butler & Marmaro, San Francisco, CA, for Plaintiff-Appellee.

Carl K. Newton, Deborah C. Prosser, Timothy H. Irons, Burke Williams & Sorensen, LLP., Los Angeles, CA, for Intervenor-Appellant.

John F. Krattli, Fox & Sohagi, Los Angeles, CA, for Defendant.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

The City of Santa Clarita ("City") appeals the district court's interlocutory order denying its renewed motion to intervene as a defendant in an action by CEMEX, Inc., ("CEMEX"). We reverse. Because the parties are familiar with the record, we recite only the facts necessary to explain our decision.

CEMEX's action challenges the County of Los Angeles' ("County") refusal to approve, pursuant to the California Environmental Quality Act ("CEQA") and the Surface Mining and Reclamation Act, a sand and gravel mining project near the City, in Soledad Canyon. The Bureau of Land Management ("BLM") approved the project, based on a Final Environmental Impact Statement required by the National Environmental Policy Act, but conditioned its approval, *inter alia*, on the County's approval of the project under state law.

The County conducted further environmental review. As part of the process, the City exercised its CEQA right of consultation and strongly opposed CEMEX's plans to proceed with gravel mining in Soledad Canyon. Ultimately, the County refused to approve the project.

CEMEX brought an action challenging the County's refusal to approve the project. CEMEX alleged, among other things, that the County abused the local environmental review process and that such local processes are preempted by federal law. CEMEX also makes several allegations regarding the City's involvement in the County's review process. CEMEX requests declaratory judgment finding that federal law preempts the County's review

and allowing the mining operation to begin immediately. In the alternative, CEMEX asks for a judgment declaring that the County must issue a permit and all attendant approvals so that CEMEX could begin mining. Twice the City moved to intervene in the action as a defendant. The district court denied both the original and the renewed motion.

## ANALYSIS

### A. The City's Right of Consultation Under CEQA is a Legally Protected Interest Justifying Intervention.

■ The district court's order denying intervention as a matter of right is subject to immediate *de novo* review by this court. *Stringfellow v. Concerned Neighbors In Action,* 480 U.S. 370, 375–76, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987); *Arakaki v. Cayetano,* 324 F.3d 1078, 1082 (9th Cir. 2003). Under Federal Rule of Civil Procedure 24(a), intervention

shall be permitted ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This court applies a four-part test to determine whether intervention of right is appropriate: (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair the applicant's ability to protect that inter-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

est; and (4) the existing parties will not adequately represent the applicant's interest. *Southwest Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 817–18 (9th Cir. 2001). This four-part test is construed liberally in favor of applicants for intervention and guided by practical considerations rather than technical distinctions. *Id.* at 818.

### 1. The City's motion was timely.

CEMEX does not dispute that the City's motion was timely.

### 2. The City has a "significantly protectable" interest relating to the subject of the action.

The district court denied intervention because it found that the City had not demonstrated a "significant legally protectable interest" in the subject matter of the action. To demonstrate a legally protectable interest, the City must show that: (a) "the interest asserted is protectable under some law"; and (b) "that there is a relationship between the legally protected interest and the claims at issue." *Berg,* 268 F.3d at 818.

The City's strongest argument demonstrating a legally protectable interest concerns its right of consultation under CEQA. Contrary to the district court's holding and CEMEX's arguments, the City has shown that: (a) its interest in the right of consultation is protected under CEQA; and (b) that this interest is directly related to CEMEX's action.

### a. The City has a legally protectable right of consultation.

The BLM issued a Record of Decision requiring CEMEX to comply with CEQA. CEQA confers upon the City a right to consultation with the County, the local lead agency in this case:

[E]very local lead agency shall consult with, and obtain comments from, each responsible agency, any public agency that has jurisdiction by law with respect to the project, and any city or county that borders on a city or county within which the project is located. . . .

Cal. Pub. Res.Code § 21153(a). In this case, the City obtains its right of consultation under CEQA because it borders on the County in which the project is located. Contrary to the district court's characterization, this right to consultation is not merely a generalized interest in environmental issues. *See Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 837–38 (9th Cir.1996); *Westlands Water Dist. v. United States,* 700 F.2d 561, 563 (9th Cir. 1983). Rather, the right of consultation is granted and guaranteed by statute.

### b. The City's right of consultation relates to the subject matter of the action.

The subject matter of the action is contested by the parties. The district court characterized the action as one where the underlying issues relates primarily to "whether the County has abused its administrative process and whether that process has become too cumbersome or has been used as a vehicle to delay or frustrate the intent of federal law and federal process." Even if this is true, the practical effect of a disposition of the action may impair the City's ability to protect its right to consultation.

The "process," which CEMEX alleges was abused and employed despite federal preemption, includes the process outlined by CEQA under which the City is granted the right to consult with the County. As the City highlights, CEMEX's complaint contains several references to actions taken by the City as it consulted with the County. Thus, the City's right of consultation under CEQA is directly related to

CEMEX's action challenging the County's alleged abuse of process.

CEMEX argues that federal preemption prevents the City from having a protectable interest that would allow it to intervene in the action. This argument begs the question. Whether federal law preempts the County's application of CEQA or not is a subject of the action. The City has a protectable interest in upholding the County's application of CEQA against CEMEX's allegations of abuse of process and federal preemption.

### 3. Disposition of the Action May Impair the City's Ability to Protect its Right to Consultation.

It is the practical effect of the potential dispositions that determines whether an applicant's interest would be impaired. *See United States v. City of Los Angeles,* 288 F.3d 391, 399 (9th Cir.2002). Regardless of the technical description of CEMEX's action, granting the relief requested by CEMEX would vitiate the City's rights to consultation by preempting any local review and allowing the gravel mining to proceed immediately despite the County's refusal to approve the project.

### 4. The County Will Not Adequately Represent the City's Interest.

CEMEX argues that the County will adequately represent the City's interest because the City and the County both oppose CEMEX's gravel mining operation. However, in determining the adequacy of representation, this court must "consider whether the interest of [the County] is such that it will undoubtedly make all the [City's] arguments; whether the [County] is capable and willing to make such arguments; and whether the [City] would offer any necessary elements to the proceedings that [the County] would neglect." *Forest Conservation Council v. United States*

*Forest Serv.,* 66 F.3d 1489, 1498–99 (9th Cir.1995) (citations omitted).

Although the County and the City agreed that CEMEX should not be allowed to begin its gravel mining operation, the County will not raise all of the arguments the City would raise. The City does not believe that CEQA is preempted in any way by federal law in this case. On the other hand, the County has taken a more limited position. Additionally, the City has interests in the environmental review process independent of the County's their interests may diverge. Thus, the County does not adequately represent City for the purposes of preventing the City from intervening as a matter of right.

### B. The District Court Improperly Engaged In Issue Reduction.

■ The district court acknowledged that the complaint contained allegations regarding both abuse of process and federal preemption, but inappropriately claimed that the case "is not about the applicability of environmental laws." The district court is mistaken; the question of federal preemption necessarily concerns the applicability of environmental laws. CEMEX's prayer for relief clearly states that it wishes to conduct its gravel mining operation without impediment from state environmental laws. The district court's focus on abuse of process and away from the application of environmental laws is not only mistaken, but also impermissible. *City of Los Angeles,* 288 F.3d at 399 (holding that "the district court is not free to consider the potential for issue reduction when determining whether a putative intervener has a protectable interest in the merits of the action.")

Regardless of the impermissible issue reduction, the district court incorrectly emphasized the technical distinction between procedure and substance. Even if

the issues were as limited as abuse of process, the City would still have a right to intervene in the action because the practical effect of granting the relief requested by CEMEX would vitiate the City's right to consultation under CEQA.

## CONCLUSION

The City has demonstrated that it has met the four-part test for intervention of right. Additionally, the district court impermissibly engaged in issue reduction. Even if this court agreed with the way the district court characterized the underlying claims in the action, the City still has the right to intervene. We therefore reverse the district court's order and hold that the City is entitled to intervention as a matter of right under the Federal Rules of Civil Procedure, Rule 24(a).

We note that the District Court may move forward with a consent decree between CEMEX and the County. *See City of Los Angeles*, 288 F.3d at 405. In *City of Los Angeles*, we held that "although this appeal involves intervention decisions made at the onset of the case, our holding [reversing the denial of permissive intervention and intervention of right and remanding] does not require the district court to turn back the clock or rescind the consent decree." 288 F.3d at 404–5. As in *City of Los Angeles*, "our holding does not require the district court to turn back the clock." 288 F.3d at 404. Rather, the City shall be allowed to intervene as of the date of this disposition, and to be treated as an intervenor party from that date forward. *Id.* Thus, the City shall be entitled to be heard concerning the court's approval of any consent decree proposed between

the original parties, and to appeal the approval of any such decree, but shall not be entitled to reopen any issues already decided in this case.

**REVERSED.**

FERNANDEZ, Circuit Judge, dissenting.

I respectfully dissent because, even if Santa Clarita does have a protectable interest in the subject of this action,[1] it simply has not shown that the County will not protect that interest. Indeed, the County has every reason to defend its actions regarding the conditions that it imposed on the Cemex permit, its processes in deciding so to do, and its legitimate authority.

Openhanded as we may be, Santa Clarita still has to show that the representation of its asserted interest may be inadequate. *See N.W. Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir.1996); *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498–99 (9th Cir.1995). It has not done so. It has not shown that any of its claims that are truly relevant to this action will be unrepresented. Mere differences about the strategy to be used in fending off Cemex's attacks are not enough. *See N.W. Forest Resource*, 82 F.3d at 838. Indeed, there is no reason to believe that Santa Clarita will have a greater interest than the County in protecting the latter's right to issue, or deny, permits. Of course, Cemex claims that it does not need any permits from the County, and that if it does, those must be issued forthwith, cannot impose requirements beyond those consistent with federal requirements, must not seek to impose

---

1. The best Santa Clarita can do is to point to a right to consult with the lead agency—the County—with respect to the environmental report. *See* Cal. Pub. Res.Code § 21153. It did consult. The issues in this case deal with

whether the County had the power to issue the final determination it did, and whether it perverted, and will pervert, the powers that it does have. Those are far from Santa Clarita's claimed right of consultation.

even further delays and requirements pursuant to California law, or otherwise, and may only impose reasonable environmental conditions. Certainly, says Cemex, the County cannot deny a permit. All of those go to the heart of the County's own power, and are essentially remote from Santa Clarita's right to consult. There is no reason to believe that the County will not exert all reasonable efforts to protect its legitimate authority.

Santa Clarita's intervention is not required and, if past history is any indication, it is likely to generate a great deal of heat, very little light, and consist of nothing less than a pertinacious effort to stop Cemex's proposed project at all costs.

Thus, my dissent.