**CEMEX INC., a Louisiana corporation, Plaintiff–Appellee,**

v.

**LOS ANGELES COUNTY, Defendant–Appellee,**

**City of Santa Clarita, Defendant–intervenor–Appellant,**

v.

**United States of America, Plaintiff–intervenor–Appellee.**

No. 04–56050.

D.C. No. CV–02–00747–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Decided Feb. 10, 2006.

---

See also 92 Fed.Appx. 457.

Kerry Shapiro, Jeffer Mangels Buttler & Marmaro, San Francisco, CA, for Plaintiff–Appellee.

Deborah M. Fox, Fox & Sohagi, LLP, Richard D. Weiss, Los Angeles County Counsel, Los Angeles, CA, for Defendant–Appellee/Defendant–Intervenor–Appellant.

Edward S. Geldermann, Attorney, Environment & Natural Resources Division U.S. Department of Justice, Washington, DC, for Plaintiff–Intervenor–Appellee.

Before KOZINSKI, TROTT and BEA, Circuit Judges.

## MEMORANDUM *

We assume without deciding that Santa Clarita has standing to appeal the consent decree. Review of a consent decree is limited to ensuring that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir.1982).

CEMEX's suit against the county is based on a plausible legal claim—that further county environmental review of the project was preempted. *See Cal. Coastal Comm'n v. Granite Rock Co.,* 480 U.S. 572, 593, 107 S.Ct. 1419, 94 L.Ed.2d 577 (1987); *Ventura County v. Gulf Oil Corp.,* 601 F.2d 1080, 1084—86 (9th Cir.1979). The county, acting as the lead agency under California law, *see* Cal. Pub. Res.Code §§ 2728, 21067; *Cemex, Inc. v. County of Los Angeles,* 92 Fed.Appx. 457, ——, slip op. at 5 (9th Cir.2004), had sole authority to settle the case. When the parties settled, the project had undergone more than a decade of state environmental review. Rather than prolong the litigation, the parties negotiated the consent decree in good faith and at arm's length. In exchange for approving CEMEX's project, the county obtained significant environmental concessions. We thus find the decree is "fundamentally fair, adequate and reasonable." *Officers for Justice,* 688 F.2d at 625. We do not, of course, decide whether the consent decree embodies precisely the relief that would have resulted, had the case been litigated to completion. The whole point of a consent decree is that the court need not adjudicate the merits. We con-

clude only that the district court acted well within its discretion in approving the settlement. *See United States v. Montrose Chem. Corp.*, 50 F.3d 741, 746 (9th Cir. 1995).

**AFFIRMED.**

The panel retains jurisdiction over all future appeals involving this mining project. The parties shall so notify the clerk promptly upon filing of all future appeals.

All pending motions are denied as moot.

The clerk is instructed to issue the mandate forthwith.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.