CITY OF SANTA CLARITA; Ventana
Conservation and Land Trust,
Plaintiffs—Appellants,

v.

UNITED STATES DEPARTMENT OF
the INTERIOR; Dirk Kempthorne,*
in his official capacity as Secretary of
the Department of Interior; Fish and
Wildlife Service; Marshall Jones, in
his official capacity as Acting Di-
rector of the Fish and Wildlife Ser-
vice; Diane K. Noda, in her official
capacity as Field Supervisor for the
Fish and Wildlife Service; Bureau of
Land Management; Nina Hatfield, in
her official capacity as Acting Di-
rector of the Bureau of Land Manage-
ment; Mike Pool, in his official ca-
pacity as California State Director of
the Bureau of Land Management;
Tim Salt, in his official capacity as
District Manager of the Bureau of
Land Management's California Desert
District Office, Defendants—Appel-
lees,

Cemex, Inc., a Louisiana corporation,
Defendant–intervenor—Appellee.

City of Santa Clarita, Plaintiff—
Appellant,

v.

U.S. Department of Interior Board of
Land Appeals; Bureau of Land Man-
agement; Kathleen Clarke, in her of-
ficial capacity as Director of Bureau
of Land Management; Bureau of
Land Management California State
Office; Mike Pool, in his official ca-
pacity as California Director of the

Bureau of Land Management; Bu-
reau of Land Management, California
Desert District Office; Linda Hansen,
in her official capacity as District
Manager of the Bureau of Land Man-
agement's California Desert District
Office, Defendants—Appellees,

Cemex, Inc., a Louisiana corporation,
Defendant–intervenor—Appellee.

City of Santa Clarita, Plaintiff—
Appellant,

v.

United States Department of The Interi-
or; Kathleen Clarke, in her official
capacity as Director of Bureau of
Land Management; Bureau of Land
Management, California State Office;
Bureau of Land Mgmt, California
Desert District Office; Bureau of
Land Management; Linda Hansen;
Mike Pool, in his official capacity as
California State Director of the Bu-
reau of Land Management, Defen-
dants—Appellees,

Cemex, Inc., a Louisiana corporation,
Defendant–intervenor—Appellee.

Nos. 06–55006, 06–55225, 06–55960.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 19, 2007.

Filed March 29, 2007.

Michael Strumwasser, Esq., Strumwas-
ser & Woocher, Santa Monica, CA, Amy
E. Morgan, Esq., Timothy H. Irons, Burke
Williams & Sorensen, LLP, Los Angeles,
CA, for Plaintiffs–Appellants.

Katherine M. Hikida, Esq., Suzette Clo-
ver, Esq., USLA–Office of the U.S. Attor-

---

* Dirk Kempthorne is substituted for his prede-
cessor, Gail Norton, as Secretary of the De-
partment of Interior. *See* Fed. R.App. P.
43(c)(2).

ney, Civil & Tax Divisions, Debra A. Yang, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Jason T. Cohen, Esq., David C. Shilton, Esq., Guillermo Montero, Esq. DOJ–U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Defendants–Appellees.

Patricia S. Brody, Esq., Kerry Shapiro, Esq., Jeffer Mangels Butler & Marmaro, LLP, San Francisco, CA, Defendant–intervenor–Appellee.

Before: KOZINSKI, TROTT and BEA, Circuit Judges.

### MEMORANDUM**

1. We review plaintiffs' claims under the Endangered Species Act (ESA) and the National Environmental Policy Act (NEPA) under the "arbitrary or capricious" standard of review. *See* 5 U.S.C. § 706(2)(A); *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.,* 273 F.3d 1229, 1235–36 (9th Cir.2001); *Half Moon Bay Fishermans' Marketing Ass'n v. Carlucci,* 857 F.2d 505, 508 (9th Cir.1988). After careful consideration of the record, we agree with the district court that the agency actions in these cases were neither arbitrary nor capricious. *See* Joint Findings of Fact and Conclusions of Law, *City of Santa Clarita v. U.S. Dep't of Interior,* Case No. CV02–00697 (C.D.Cal.2006) (ESA Case); *City of Santa Clarita v. U.S. Dep't of Interior,* Case No. CV04–1572 (C.D.Cal.2006) (NEPA Case).

2. Plaintiffs did not present their claim under section 401 of the Clean Water Act (CWA), 33 U.S.C. § 1341(a), to the agency. Even though the CWA's citizen suit provision, 33 U.S.C. § 1365, does not require exhaustion of administrative remedies, we find that the claim is nonetheless barred by the prudential exhaustion doctrine. *See Marathon Oil Co. v. United States,* 807 F.2d 759, 767–68 (9th Cir.1986) ("As a general rule, we will not consider issues not presented before an administrative proceeding at the appropriate time.").

3. Plaintiffs' claim under the Federal Land Policy and Management Act, 43 U.S.C. § 1732(b), arises out of the same "transactional nucleus of facts" as the prior consent decree action, *Cemex, Inc. v. Los Angeles County,* 166 Fed.Appx. 306 (9th Cir.2006), and is thus barred by res judicata, as the district court held. *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 770 (9th Cir.2003) (internal quotation marks and citation omitted).

4. We need not address whether the district court had authority to award attorneys' fees to defendants under the Equal Access to Justice Act, 28 U.S.C. § 2412(b), because the district court also acted pursuant to its inherent authority to award fees. *See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maint., Inc.,* 707 F.2d 425, 428 (9th Cir.1983). The district court correctly identified the common law standard for awarding fees. *See* Order Granting Defendant–in–Intervention Cemex, Inc.'s Motion for Attorney Fees in an Amount to be Determined, *City of Santa Clarita v. U.S. Dep't of Interior,* Case No. CV04–1572 (C.D.Cal.2006) (NEPA Fee Order), at 6 (quoting *Alyeska*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Pipeline Serv. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). On this record, we cannot find that the district court abused its discretion in concluding that plaintiffs acted in bad faith.

**AFFIRMED.**

See also 481 F.3d 1176.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.