**CITY OF SANTA CLARITA; Ventana Conservation and Land Trust, Plaintiffs–Appellants,**

**v.**

**UNITED STATES DEPARTMENT OF the INTERIOR; Dirk Kempthorne,\* in his official capacity as Secretary of the Department of Interior; Fish and Wildlife Service; Marshall Jones, in his official capacity as Acting Di-**

---

\* Dirk Kempthorne is substituted for his prede-     cessor, Gail Norton, as Secretary of the De-

rector of the Fish and Wildlife Service; Diane K. Noda, in her official capacity as Field Supervisor for the Fish and Wildlife Service; Bureau of Land Management; Nina Hatfield, in her official capacity as Acting Director of the Bureau of Land Management; Mike Pool, in his official capacity as California State Director of the Bureau of Land Management; Tim Salt, in his official capacity as District Manager of the Bureau of Land Management's California Desert District Office, Defendants–Appellees,

Cemex, Inc., a Louisiana corporation, Defendant–intervenor–Appellee.

City of Santa Clarita, Plaintiff–Appellant,

v.

U.S. Department of Interior Board of Land Appeals; Bureau of Land Management; Kathleen Clarke, in her official capacity as Director of Bureau of Land Management; Bureau of Land Management California State Office; Mike Pool, in his official capacity as California Director of the Bureau of Land Management; Bureau of Land Management, California Desert District Office; Linda Hansen, in her official capacity as District Manager of the Bureau of Land Management's California Desert District Office, Defendants–Appellees,

Cemex, Inc., a Louisiana corporation, Defendant–intervenor–Appellee.

City of Santa Clarita, Plaintiff–Appellant,

v.

United States Department of the Interior; Kathleen Clarke, in her official capacity as Director of Bureau of Land Management; Bureau of Land

Management, California State Office; Bureau of Land Mgmt, California Desert District Office; Bureau of Land Management; Linda Hansen; Mike Pool, in his official capacity as California State Director of the Bureau of Land Management, Defendants–Appellees,

Cemex, Inc., a Louisiana corporation, Defendant–intervenor–Appellee.

Nos. 06–55006, 06–55225, 06–55960.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 19, 2007.

Filed Sept. 20, 2007.

partment of Interior. *See* Fed. R.App. P. 43(c)(2).

Michael Strumwasser, Esq., Strumwasser & Woocher, Santa Monica, CA, Amy E. Morgan, Esq., Timothy H. Irons, Burke Williams & Sorenson, Los Angeles, CA, for Plaintiff–Appellant.

Katherine M. Hikida, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Jason T. Cohen, Esq., DOJ—U.S. Department of Justice Environment & Natural Resources Div., Washington, DC, David C. Shilton, Esq., for Defendants–Appellees.

Kerry Shapiro, Esq., Jeffer Mangels Butler & Marmaro, LLP, San Francisco, CA, for Defendant–intervenor–Appellee.

Before: KOZINSKI, TROTT and BEA, Circuit Judges.

## ORDER

The memorandum filed March 29, 2007, is withdrawn and replaced by the memorandum filed currently herewith. The petitions for rehearing and for rehearing en banc are denied. *See* Fed. R. App. P. 35; Fed. R. App. P. 40. No further petitions for rehearing or for rehearing en banc shall be entertained.

## MEMORANDUM **

1. We review plaintiffs' claims under the Endangered Species Act (ESA) and the National Environmental Policy Act (NEPA) under the "arbitrary or capricious" standard of review. *See* 5 U.S.C. § 706(2)(A); *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.,* 273 F.3d 1229, 1235–36 (9th Cir.2001); *Half Moon Bay Fishermans' Marketing Ass'n v. Carlucci,*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

857 F.2d 505, 508 (9th Cir.1988). After careful consideration of the record, we agree with the district court that the agency actions in these cases were neither arbitrary nor capricious. *See* Joint Findings of Fact and Conclusions of Law, *City of Santa Clarita v. U.S. Dep't of Interior,* Case No. CV02–00697, 2006 WL 4743970 (C.D.Cal.2006) (ESA Case); *City of Santa Clarita v. U.S. Dep't of Interior,* Case No. CV04–1572, 2006 WL 4748737 (C.D.Cal. 2006) (NEPA Case).

■ 2. Plaintiffs did not present their claim under section 401 of the Clean Water Act (CWA), 33 U.S.C. § 1341(a), to the agency. Even though the CWA's citizen suit provision, 33 U.S.C. § 1365, does not require exhaustion of administrative remedies, we find that the claim is nonetheless barred by the prudential exhaustion doctrine. *See Marathon Oil Co. v. United States,* 807 F.2d 759, 767–68 (9th Cir.1986) ("As a general rule, we will not consider issues not presented before an administrative proceeding at the appropriate time.").

■ 3. Plaintiffs' claim under the Federal Land Policy and Management Act, 43 U.S.C. § 1732(b), arises out of the same "transactional nucleus of facts" as the prior consent decree action, *Cemex, Inc. v. Los Angeles County,* 166 Fed.Appx. 306 (9th Cir.2006), and is thus barred by res judicata, as the district court held. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 770 (9th Cir.2003) (internal quotation marks and citation omitted).

■ 4. We need not address whether the district court had authority to award attorneys' fees to defendants under the Equal Access to Justice Act, 28 U.S.C. § 2412(b), because the district court also acted pursuant to its inherent authority to award fees. *See Int'l Union of Petroleum & Indus. Workers v. Western Indus.*

*Maint., Inc.,* 707 F.2d 425, 428 (9th Cir. 1983). The district court correctly identified the common law standard for awarding fees. *See* Order Granting Defendant–in–Intervention Cemex, Inc.'s Motion for Attorney Fees in an Amount to be Determined, *City of Santa Clarita v. U.S. Dep't of Interior,* Case No. CV04–1572 (C.D.Cal. 2006) (NEPA Fee Order), at 6 (quoting *Alyeska Pipeline Serv. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). We note in particular that the district court relied on its finding that plaintiffs had engaged in a series of unwarranted and harassing legal and administrative proceedings over many years, and that internal city documents demonstrated that the motive for the suits was simply to delay, obstruct and harass defendants. Specifically, the district court found eight of plaintiffs' claims were statutorily time-barred or barred by laches; six of plaintiffs' claims had already been argued and lost; seven of plaintiffs' claims were based on misrepresentations of the law; and at least twelve of plaintiffs' claims were unsupported by fact. On this record, we cannot find that the district court abused its discretion in concluding that plaintiffs acted in bad faith.

**AFFIRMED.**